# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

## (BALTIMORE DIVISION)

| | |
|---|---|
| **WILSON C. WINEMILLER, JR.** | Civil Case No.: |
| 346 Shagbark Road<br>Middle River, Maryland  21220 | |
| *and* | |
| **WARREN P. ADAMS** | |
| 5445 Stone Road<br>Frederick, Maryland  21703 | _____ |
| *and* | |
| **MICKEY S. SLAGHTER** | |
| 12651 Santa Rosa Circle<br>Lusby, Maryland  20657 | JURY TRIAL DEMANDED |
| (Each individually and on behalf of all<br>Maryland residents similarly situated) | |
| **Plaintiffs / Class Representatives** | |
| *v.* | |
| **WORLDWIDE ASSET PURCHASING,<br>LLC** | |
| 9911 Covington Drive<br>Las Vegas, Nevada  89144 | |
| *Serve on:*  CSC Services of Nevada, Inc.<br>502 East John Street<br>Carson City, Nevada  89706 | |
| *Serve on:*  Maryland Department<br>of Assessments and Taxation<br>301 West Preston Street<br>Baltimore, Maryland 21201 | |
| *and* | |

**WORLDWIDE ASSET PURCHASING II, LLC**

101 Convention Center, Suite 850
Las Vegas, Nevada  89101

*Serve on:*  CSC Services of Nevada, Inc.
502 East John Street
Carson City, Nevada  89706

*Serve on:*  Maryland Department
of Assessments and Taxation
301 West Preston Street
Baltimore, Maryland 21201

*and*

**WEST RECEIVABLE SERVICES, INC**

11808 Miracle Hills Drive
Omaha, Nebraska  68154

*Serve on:*  CSC-Lawyers Inc. Service Co.
233 South 13th Street, Suite 1900
Lincoln, Nebraska 68508

*Serve on:*  Maryland Department
of Assessments and Taxation
301 West Preston Street
Baltimore, Maryland 21201

*and*

**WEST CORPORATION**

11808 Miracle Hills Drive
Omaha, Nebraska  68154

*Serve on:*  CSC-Lawyers Inc. Service Co.
233 South 13th Street, Suite 1900
Lincoln, Nebraska 68508

*Serve on:*  Maryland Department
of Assessments and Taxation
301 West Preston Street
Baltimore, Maryland 21201

**Defendants**

# COMPLAINT

## (CLASS ACTION)

Plaintiffs, Wilson C. Winemiller, Jr. ("**Winemiller**"); Warren P. Adams ("**Adams**"); and Mickey S. Slaughter ("**Slaughter**"), each individually and on behalf of all Maryland residents similarly situated; by their attorneys Scott C. Borison of the Legg Law Firm, LLC and Peter A. Holland and Michael Gregg Morin of The Holland Law Firm, P.C.; sue Worldwide Asset Purchasing, LLC ("**Worldwide I**"), Worldwide Asset Purchasing, II, LLC ("**Worldwide II**") (Worldwide I and Worldwide II collectively "**WWAP**"); West Receivable Services, Inc ("**West Receivable**"); West Corporation ("**West Corp.**") (West Receivable and West Corp. collectively "**West**"); and state:

### PRELIMINARY STATEMENT

This class action addresses the planned, prolonged, illegal, and systematic abuse of thousands of Maryland residents and consumers by the Defendants.  The Defendants acquire defaulted consumer debt, at best for a few cents on the dollar, or service defaulted consumer debt.  The Defendants then conduct business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers and suing Maryland consumers.  The alleged debts are often beyond the statute of limitations, often previously discharged in bankruptcy, or previously the subject of judicial actions that rendered the debt void or uncollectable.

The Defendants communicate with and sue Maryland consumers while refusing and failing to comply with Maryland statutes requiring registration of foreign businesses; while failing to comply with Maryland licensing laws regulating collection agencies; while assiduously violating federal and Maryland consumer debt collection statues; while violating the automatic stay for debtors in bankruptcy; while unlawfully using the courts of Maryland; while disclosing personal information in violation of Maryland law; and while routinely violating the Maryland Consumer Protection Act. The communications from the Defendants to consumers are most often contradictory, inaccurate, and misleading. Virtually every act of the Defendants in their attempts to collect consumer debt in Maryland is an unfair and deceptive act precluded by federal and Maryland statutes.

The Defendants are the alter-ego of each other and coordinate their illegal conduct directly with each other and indirectly through their mutual attorneys.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

2. Supplemental jurisdiction for the State law claims arises under 28 U.S.C. § 1367.

3. Declaratory and injunctive relief are available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.  Venue in this District is proper in that the Defendants transact business within the District and the conduct complained of occurred in the District.

### PARTIES

5.  Winemiller is a natural person who resides in Baltimore County, Maryland.

6.  For all issues relevant to this civil action, Winemiller is a "consumer" as defined at 15 U.S.C. § 1692a and Md. Code Ann., Com. Law, § 13-101.[1]

7.  Adams is a natural person who resides in Frederick County, Maryland.

8.  For all issues relevant to this civil action, Adams is a "consumer" as defined at 15 U.S.C. § 1692a and Md. Code Ann., Com. Law, § 13-101.

9.  Slaughter is a natural person who resides in Calvert County, Maryland.

10.  For all issues relevant to this civil action, Slaughter is a "consumer" as defined at 15 U.S.C. § 1692a and Md. Code Ann., Com. Law, § 13-101.

11.  Worldwide I, upon information and belief, is a limited liability company with its principal place of business at Suite 850, 101 Convention Center, Las Vagas, Nevada  89101.

12.  Worldwide I is a "debt collector" as defined by the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692a.

13.  Worldwide I is a "collector" as defined by Com. Law, § 14-201(b).

14.  Worldwide I is a "collection agency" as defined by Bus. Reg., 7-101(c).

---

[1]  All references to Maryland statutes are to the Maryland Code Annotated as of the date of the filing of this class action unless a specific reference is clearly noted otherwise.

15.     Within Maryland, Worldwide I is a foreign limited liability company.  Com. Law, §§ 4A-1001 – 4A-1013.

16.     Worldwide I is a subsidiary of West Receivable.

17.     Worldwide II, upon information and belief, is a limited liability company with its principal place of business at 911 Covington Drive, Las Vagas, Nevada 89144.

18.     Worldwide II is a "debt collector" as defined by the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692a.

19.     Worldwide II is a "collector" as defined by Com. Law, § 14-201(b).

20.     Worldwide II is a "collection agency" as defined by Bus. Reg., 7-101(c).

21.     Within Maryland, Worldwide II is a foreign limited liability company and required to be registered with SDAT.  Com. Law, §§ 4A-1001 – 4A-1013.

22.     Worldwide II is a wholly owned subsidiary of West Receivable.

23.     West Receivable, upon information and belief, is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

24.     West Receivable is a "debt collector" as defined by the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692a.

25.     West Receivable is a "collector" as defined by Com. Law, § 14-201(b).

26.     West Receivable is a "collection agency" as defined by Bus. Reg., 7-101(c).

27.     Within Maryland, West Receivable is a foreign corporation and required to register with SDAT.  Com. Law, § 7-202(a).

28.    West Receivable is a wholly owned subsidiary of West Corp.

29.    West Corp. is a Delaware corporation with its principal place of business in Omaha, Nebraska.

30.    West Corp.  is a "debt collector" as defined by the Fair Debt Collections Practices Act ("**FDCPA**"), 15 U.S.C. § 1692a.

31.    West Corp.  is a "collector" as defined by Com. Law, § 14-201(b).

32.    West Corp.  is a "collection agency" as defined by Bus. Reg., 7-101(c).

33.    Within Maryland, West Corp. is a foreign corporation and required to be registered with SDAT.  Com. Law, § 7-202(a).

### FACTUAL ALLEGATIONS RELATING TO WINEMILLER

34.    Winemiller had a credit account ("**Winemiller Account**").

35.    The Winemiller Account was for a consumer debt as defined by 15 U.S.C. § 1692a(5) and Com. Law, §§ 13-101(d) and 14-201(c) in that the Winemiller Account was for personal, family, or household purposes.

36.    Winemiller defaulted on the Winemiller Account.

37.    Winemiller's last payment was made on 20 January 2005.

38.    Subsequent to Winemiller's default on the Winemiller Account, Worldwide II acquired the Winemiller Account for a few cents on the dollar or became servicer of the debt and, upon information and belief, acquired the debt through a debt buying wholesaler.

39.    On or about 24 January 2008, Worldwide II filed suit against Winemiller in the District Court of Maryland for Baltimore County, case no. 0804-0002899-2008 ("**Winemiller State Case**").  PLAINTIFFS' EXHIBIT NO. 1.

40.    The Winemiller State Case was filed after the period allowed under Maryland law to file such suits, *i.e.*, after the limitation of actions allowed by Cts. & Jud. Proc., § 5-101.

41.    The Winemiller State Case was filed under affidavit, *i.e.*, Maryland Rule 3-306; said affidavit made under oath and allegedly by an agent of Worldwide II.

42.    On 24 January 2008, Worldwide II lacked the authority to file the Winemiller State Case.  Worldwide II was specifically precluded by statute from filing and maintaining the Winemiller State Case.  Com. Law, § 4A-1007(a).

43.    In the Winemiller State Case, Worldwide II claimed that the principal balance of the Account was $15,241.99.

44.    In the Winemiller State Case, Worldwide II falsely claimed principal, interest, and fees as principal.

45.    On 24 January 2008, the principal balance due on the Winemiller Account was not $15,241.99.

46.    In the Winemiller State Case, Worldwide II demanded interest on interest despite the fact that such compound interest is not allowed in Maryland in a consumer debt.

47.    In the Winemiller State Case, Worldwide II disclosed personal information, including Winemiller's social security number, in violation of law.   Com. Law, §§ 14-3501, *et seq*.

48.    On 1 April 2009, Winemiller timely filed his Notice of Intention to Defend[2] and specifically raised the issue of Worldwide II's lack of capacity to sue in a Maryland court directly or in a representative capacity.

49.    Winemiller also specifically identified the fact that Worldwide II lacked the legal capacity or authority to file the Winemiller State Case.

50.    Winemiller demanded a trial by jury in the Winemiller State Case and the Winemiller State Case was transferred from the District Court of Maryland to the Circuit Court for Baltimore County, case no. 03-C-09-004363.   **PLAINTIFFS' EXHIBIT NO. 2.**

51.    On 1 May 2009, Winemiller filed his Answer in the Circuit Court.[3]   In his Answer, Winemiller again raised the issues of Worldwide II's lack of standing and the fact that the law suit was filed beyond the time allowed by the statute of limitations.

52.    Despite knowing that the Winemiller State Case was filed after the limitation of actions and that Worldwide II lacked any legal authority to have filed the case, Worldwide II refused to immediately dismiss the Winemiller State Case.

53.    The Winemiller State Case was finally dismissed on 28 August 2009.

---

[2]  The responsive pleading in the District Court of Maryland is a "notice of intention to defend" rather than an "answer".

[3]  Maryland Rule 2-326(b) requires a defendant, who has transferred an action to a circuit court by a demand for jury trial, to file an answer in the circuit court regardless of whether a notice of intention to defend has been filed in the District Court of Maryland.

54.     From 24 January 2008 through 28 August 2009, the filing and maintaining by Worldwide II of the Winemiller State Case violated FDCPA.

55.     From 24 January 2008 through 28 August 2009, the filing and maintaining by Worldwide II of the Winemiller State Case violated both MDCDCA and MDCPA.

### FACTUAL ALLEGATIONS RELATING TO ADAMS

56.     At some point in time, Adams had a credit account ("**Adams Account**").

57.     The Adams Account was for a consumer debt as defined by 15 U.S.C. § 1692a(5) and Com. Law, §§ 13-101(d) and 14-201(c) in that Adams's Account was for personal, family, or household purposes.

58.     On or about 28 January 2005, Worldwide I filed a civil action in the District Court for Frederick County, case no. 1101-0000332-2005 ("**Adams State Case**").

59.     Adams was represented by a Maryland attorney in regards to the Adams Account and in the Adams State Case.

60.     On 16 May 2005, the District Court entered judgment for Adams in the Adams State Case.

61.     As of 16 May 2005, any issue of the debt allegedly owed by Adams to Worldwide I ended; Adams owed Worldwide I nothing; there was no debt.

62.     On or about 11 May 2009, Worldwide I wrote to Adams demanding that Adams pay the debt that had been sued on in the Adams State Case.  **PLAINTIFFS' EXHIBIT NO. 3**.

63.     Worldwide I has communicated directly with Adams despite knowing that Adams is represented by an attorney.

64.     On 28 May 2009, Adams wrote to Worldwide I disputing the debt and again providing to Worldwide I records of the Adams State Case.

65.     On 5 June 2009, Worldwide I, by and through its agent, made an unauthorized inquiry of Adams' credit report.

66.     The unauthorized and illegal credit report inquiry, colloquially know as a "hard pull", adversely impacted Adams' credit score, will remain on Adams' credit report for two years, and will continue to adversely impact Adams' credit score for two years.

67.     On or about 16 July 2009, Worldwide I again wrote to Adams demanding that Adams pay the alleged consumer debt that had been sued on in the Adams State Case and that Adams had disputed on 28 May 2009.  **PLAINTIFFS' EXHIBIT NO. 4**.

68.     On 12 August 2009, Adams again wrote to Worldwide I disputing the debt and again providing to Worldwide I records of the Adams State Case.

69.     From 11 May 2009 through the date of this class action, the continuing attempts by Worldwide I on the Adams Account violated FDCPA, MDCDCA, and MDCPA.

### FACTUAL ALLEGATIONS RELATING TO SLAUGHTER

70.     Slaughter had a credit account ("**Slaughter Account**").

71.     The Slaughter Account was for a consumer debt as defined by 15 U.S.C. § 1692a(5) and Com. Law, §§ 13-101(d) and 14-201(c) in that Slaughter's Account was for personal, family, or household purposes.

72.    On 24 August 2009, Worldwide II filed suit against Slaughter in the District Court of Maryland for Calvert County, case no. 0401-0002206-2009 for $2,597.27 in principal. **PLAINTIFFS' EXHIBIT NO. 5.**

73.    On 24 August 2009, Slaughter did not owe $2,597.27 in principal to Worldwide II.

74.    In the Slaughter State Case, Worldwide II falsely claimed principal, interest, and fees as principal.

75.    In the Slaughter State Case, Worldwide II demanded interest on interest despite the fact that such compound interest is not allowed in Maryland in a consumer debt.

76.    In the Slaughter State Case, Worldwide II disclosed personal information, including Slaughter's social security number, in violation of Maryland law.  Com. Law, §§ 14-3501, *et seq.*

77.    Slaughter has timely filed his Notice of Intention to Defend and specifically raised the issue of Worldwide II's lack of capacity to sue in a Maryland court directly or in a representative capacity.

78.    From 24 August 2009 through the date of this class action, the filing and maintaining by Worldwide II of the Slaughter State Case violated FDCPA.

79.    From 24 August 2009 through the date of this class action, the filing and maintaining by Worldwide II of the Slaughter State Case violated both MDCDCA and MDCPA.

## CLASS DEFINITIONS

80.     The class of persons ("**Class**") represented by Winemiller, Adams, and Slaughter is composed of all natural persons who reside in Maryland and who have been the subject of consumer debt collection efforts by the Defendants within three years immediately preceding the filing of this class action.

81.     The Plaintiffs estimate that there are more than 3500 members of the Class.

82.     A sub-class of the persons represented by Winemiller and Adams ("**Sub-Class**") is composed of all member of the Class who have been the subject of consumer debt collection efforts by Worldwide within one year immediately preceding the filing of this pleading.

83.     The Plaintiffs estimate that there are more than 600 members of the Sub-Class.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS AND SUB-CLASS

84.     The Defendants' principal business is the purchase and/or servicing of consumer debt that is purchased after default and at a substantial discount.

85.     Upon information and belief, the Defendants acquire consumer debt in default for a couple of cents on the dollar.

86.     Upon information and belief, the Defendants acquire consumer debt after the debt has been discharged in bankruptcy.

87.    Upon information and belief, the Defendants acquire consumer debt after the debt is beyond the three year Maryland limitation of actions.

88.    Immediately upon acquiring the debt or becoming the servicer of such debt, the Defendants routinely and consistently misstate the total of the principal, interest, and fees allegedly due as the principal.

89.    The Defendants purposefully and willful misstate the principal, interest, and fees as the principal to claim funds to which they are not entitled under Maryland law.

90.    The Defendants do business in Maryland.

91.    The Defendants routinely contact Maryland consumers in attempts to collect alleged consumer debt.

92.    The Defendants have filed more than 3500 law suits and judgment liens in Maryland in the three years immediately preceding this civil action.

93.    The Defendants have filed more than 600 law suits and judgment liens in Maryland in the one year immediately preceding this civil action.

94.    In addition to having filed thousands of civil actions, the Defendants have routinely and consistently contacted Maryland consumers regarding consumer debt.

95.    By doing business in Maryland, the Defendants assent to the laws of Maryland and appoint SDAT as their agent for service of process with respect to causes of action arising out of doing business in Maryland.

96.    By doing business in Maryland, the Defendants are required to register with the Maryland Department of Assessment and Taxation ("**SDAT**").

97.    During all dates relevant to this civil action, Worldwide I was not registered with SDAT. **PLAINTIFFS' EXHIBIT NO. 6.**

98.    During all dates relevant to this civil action, Worldwide II was not registered with SDAT. *Id.*

99.    During all dates relevant to this civil action, West Receivable was not registered with SDAT. **PLAINTIFFS' EXHIBIT NO. 7.**

100.    During all dates relevant to this civil action, West Corp. was not registered with SDAT.

101.    Worldwide I is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated as Worldwide acquires or services consumer debt after the debt is in default. Bus. Reg., § 7-101(c)(1)(ii).

102.    Worldwide II is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated as Worldwide acquires or services consumer debt after the debt is in default. Bus. Reg., § 7-101(c)(1)(ii).

103.    West Receivable is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated as Worldwide acquires or services consumer debt after the debt is in default. Bus. Reg., § 7-101(c)(1)(ii).

104.    West Corp. is a "collection agency" as that term is defined by Title 7 of the Business Regulation Article, Maryland Code Annotated as Worldwide acquires or services consumer debt after the debt is in default.  Bus. Reg., § 7-101(c)(1)(ii).

105.    A "collection agency" is required to be licensed by Maryland.  Bus. Reg., § 7-301.

106.    Worldwide I is not licensed by Maryland as a "collection agency".  **PLAINTIFFS' EXHIBIT NO. 8.**

107.    Worldwide II is not licensed by Maryland as a "collection agency".  *Id.*

108.    West Receivable is not licensed by Maryland as a "collection agency".  **PLAINTIFFS' EXHIBIT NO. 9.**

109.    West Corp. is not licensed by Maryland as a "collection agency".

110.    Virtually every collection effort in Maryland by the Defendants, including each and every civil action filed in Maryland and each and every judgment lien filed in Maryland, is an unfair and deceptive trade practice.

111.    Virtually every collection effort in Maryland by the Defendants, including each and every civil action filed in Maryland and each and every judgment lien filed in Maryland, is a violation of the Maryland Consumer Debt Collection Act.

112.    Virtually every collection effort in Maryland by the Defendants, including each and every civil action filed in Maryland and each and every judgment lien filed in Maryland, is a violation of the Maryland Consumer Protection Act.

113.    In the vast majority, if not all, of civil actions filed in Maryland by the Defendants, the Defendants willfully misstate the amount of principal by misrepresenting principal, interest, and other fees as principal.

114.    In the vast majority, if not all, of civil actions filed in Maryland by the Defendants, the Defendants willfully misstate the amount of interest due to the Defendants by demanding interest on interest, *i.e.*, by demanding compound interest.

115.    In the vast majority, if not all, of civil actions filed in Maryland by the Defendants, the Defendants willfully misstate attorney fees to which the Defendants are entitled.

116.    In the majority of the Defendants' transactions in Maryland, the Defendants communicate with Maryland consumers alleging a debt and falsely misrepresenting principal, interest, and fees as principal.

117.    In many of the civil actions filed in Maryland by the Defendants, the Defendants willfully and illegally disclosed personal information about consumers to the public including the consumers' social security account numbers.

118.    In the majority of civil actions filed in Maryland by the Defendants, the Defendants willfully file such actions despite the fact that the alleged debt is beyond the statutory limitations of action.

119.    In the majority, if not all, of civil actions filed in Maryland by the Defendants, the Defendants filed for affidavit judgment pursuant to Rule 3-306; however, the affidavits provided do not comply with the requirements for such affidavits.

120.    In the majority, if not all, of civil actions filed in Maryland by the Defendants and under Affidavit, the Defendants' Affidavits were false and defective and were known by the Defendants to be false and defective when filed.

121.    The affidavits submitted by the Defendants are deceptive in that the affidavits are executed by persons other than the Defendants' employees, executed by persons other than employees of the original creditor, and purport to affirm the records of businesses other than the affiant's business.

122.    The affidavits submitted by the Defendants are purposefully deceptive in that they are artfully designed to make it appear that the affiant has personal knowledge of business records of businesses that the affiant has never worked for and of which the affiant could not possibly have personal knowledge.

123.    The affidavits submitted by the Defendants are purposefully deceptive in that the affidavits falsely misstate principal, interest, and fees.

124.    The affidavits submitted by the Defendants are purposefully deceptive in that the affidavits deceptively suggest that the Defendants have all relevant records of the Defendants, the original creditors, and the intervening consumer debt wholesalers.

125.    A violation of the Maryland Consumer Debt Collection Act is a violation of the Maryland Consumer Protection Act.  Com. Law, §§ 13-101(14)(iii).

126.    An unfair or deceptive trade practice is a violation of the Maryland Consumer Protection Act.

127.    A violation of MDPIPA is a violation of the Maryland Consumer Protection Act.

128.    While MDCPA does not require that a consumer has in fact been personally misled, deceived, or damaged as a result of a violation of MDCPA, every member of the Class has been misled, deceived, or damaged as a result of the Defendants' violations of MDCDCA and MDCPA.

129.    For all dates and acts relevant to this class action, the Defendants were each the alter-ego of the other Defendants.

130.    For all dates and acts relevant to this class action, the Defendants were subsidiaries of and controlled by West Corp.

131.    The questions of law and fact common to the Class and/or Sub-Class are:

131.1.    Whether the Defendants individually or collectively have conducted business in Maryland to the degree that the Defendants are required to be registered in Maryland.

131.2.    Whether the Defendants have acted individually or collectively as debt collectors in Maryland.

131.3.    Whether the Defendants have acted individually or collectively as a collection agency in Maryland

131.4.    Whether the Defendants are required individually or collectively to be licensed as a collection agency.

131.5.    Whether the Defendants individually or collectively have violated FDCPA.

131.6.    Whether the Defendants individually or collectively have violated the MDPIPA.

131.7.    Whether the Defendants individually or collectively have violated the MDCDCA.

131.8.    Whether the Defendants individually or collectively have violated MDCPA.

131.9.    Whether  the Defendants individually or collectively have filed thousands of civil actions in Maryland that were precluded by statute from being filed by the Defendants.

131.10.    Whether the Defendants should be enjoined from continuing to conduct business in Maryland without being registered with SDAT.

131.11.    Whether the Defendants should be enjoined from continuing to act as a debt collectors in Maryland.

131.12.    Whether the Defendants should be enjoined from continuing to act as collection agencies in Maryland.

131.13.    Whether the Defendants should be ordered to seek orders vacating all judgments entered in favor of the Defendants during the three years immediately preceding the filing of this class action.

131.14.    Whether the Defendants should be ordered to disgorge all funds that they have wrongfully collected from Maryland consumers in violation of FDCPA, in violation of the MDCDCA, in violation of MDPIPA, in violation of the MDCPA, without being registered to do business in the State, and without being licensed as a collection agency.

131.15.    The statutory damages allowed and claimed in this civil action.

131.16.    The attorney fees, litigation costs, and court costs allowed and claimed in this civil action.

131.17.    The declaratory relief sought in this civil action.

131.18.    The injunctive relief sought in this civil action.

132.    These questions of law and fact are common to the Class or Sub-Class and predominate over questions affecting only individual members. A class action is superior to other available methods for a fair and efficient adjudication of the controversy because such action is uniquely suited to determining the rights and damages to thousands of similarly situated individuals while minimizing the amount of legal resources which must be utilized to resolve the controversy.

133.    The only individual questions concern the identification of Class members and the actual damages of each Class member to be disgorged by the Defendants. This information can be determined by a simple ministerial examination of the business records of the Defendants. Upon information and belief, the Defendants maintain busi-

ness records that consist of extensive and sophisticated computer records that can be searched, downloaded, and printed in <u>minutes</u>.  Such business records are, of course, the same records that the Defendants have used to support their thousands of improper civil actions in Maryland.  Such business records are admissible as an exception to hearsay and as a statement by a party.

134.    The Plaintiffs' claims are typical of the claims of the Class members.

135.    The Plaintiffs are similarly situated with and have suffered similar damages as the other members of the Class and Sub-Class.

136.    The Plaintiffs will fairly and adequately protect the interest of all Class members in the prosecution of this action.

137.    The Plaintiffs have retained attorneys who are experienced in consumer protection laws, experienced in the collection of consumer debt and the defense of such acts and litigation, and experienced in class actions.

138.    The Plaintiffs' attorneys are adequate to represent the Class and Sub-Class.

COUNT I

DECLARATORY JUDGMENT

139.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 137 of this Class Action with the same effect as if herein fully set forth.

140.    This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et. Seq.* and Md. Code Ann., Cts. & Jud. Proc., §§ 3-401, *et seq.* for the purposes of de-

termining a question of actual controversy between the parties, as is more fully detailed in this pleading.

141.    At all times relevant to this civil action, the Defendants were required to be registered to do business in the State.

142.    At all times relevant to this civil action, the Defendants were not registered to do business in Maryland and were precluded by statute from filing or maintaining a civil action based on contract or equity.

143.    At all times relevant to this civil action, the Defendants were required to be licensed by the State as collection agencies.

144.    At all times relevant to this civil action, the Defendants were not licensed by the State as collection agencies.

145.    Every civil action filed by the Defendants in Maryland to collect a consumer debt was precluded by law, a fraud on the courts of Maryland, and a fraud on each of the thousands of Maryland consumers sued by the Defendants.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

**[1]**    Certify this civil action as a class action with Winemiller, Adams, and Slaughter as Class representative and their attorneys as counsel on behalf of the Class;

**[2]**  Enter an Order of this Court that the Defendants are required to be registered to do business in Maryland and that the Defendants are not registered to do business in Maryland;

**[3]**  Enter an Order of this Court that the Defendants are required to be licensed as a collection agency by the State and that the Defendants are not licensed by the State as a collection agencies;

**[4]**  Enter an Order of this Court that the Defendants lacked the authority to have filed or maintained any consumer collection civil action in the District Court of Maryland or any circuit court in Maryland;

**[5]**  Enter and Order of this Court that within 30 days of the Order, the Defendants will take every action necessary to vacate every judgment entered in their favor in Maryland for an alleged consumer debt;

**[6]**  Enter and Order of this Court that within 30 days of the Order, the Defendants will take every action necessary to release every judgment lien recorded in favor of the Defendants in Maryland for a judgment in a civil action for the collection of a consumer debt;

**[7]**  Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

**[8]**  Provide such other relief as the Court deems appropriate:

## COUNT II

### COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

146.   Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 144 of this Class Action with the same effect as if herein fully set forth.

147.    Winemiller, Adams, Slaughter, and all other members of the Class are residents of Maryland.

148.   The Defendants has used and is continuing to use the District Court of Maryland and the circuit courts of Maryland to unlawfully collect consumer debt.

149.   Unless this Court enters an injunction precluding the Defendants' continuing unlawful conduct, Maryland consumers will continue to be irreparably harmed by the Defendants' improper and illegal conduct.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

[1]   Certify this civil action as a class action with Winemiller, Adams, and Slaughter as Class representatives and their attorneys as counsel on behalf of the Class;

[2]   Enter an Order of this Court that the Defendants are required to be registered to do business in Maryland and that the Defendants are not registered to do business in Maryland;

**[3]**    Enter an Order of this Court that the Defendants are required to be licensed as a collection agency by the State and that the Defendants are not licensed by the State as a collection agency;

**[4]**    Enter an Order of this Court that the Defendants lacked the authority to have filed or maintained any consumer collection civil action in the Circuit Court for Maryland or the District Court of Maryland for Maryland;

**[5]**    Enter an Order of this Court granting Winemiller, Adams, Slaughter, and the Class a preliminary injunction restraining and enjoining the Defendants from any affirmative act in any state court of Maryland in which the Defendants are a Plaintiff and in which the Defendants' claims are based on an alleged consumer debt;

**[6]**    Enter an Order of this Court granting Winemiller, Adams, Slaughter, and the Class a preliminary injunction restraining and enjoining the Defendants from any act to collect any consumer debt within Maryland;

**[7]**    Enter an Order of this Court granting  Winemiller, Adams, Slaughter, and the Class a permanent injunction restraining and enjoining the Defendants from filing or maintaining as a Plaintiff any contract or equity based cause of action in any state court of Maryland until such time as the Defendants are properly registered with the Maryland Department of Assessments and Taxation;

**[8]**  Enter an Order of this Court granting Winemiller, Adams, Slaughter, and the Class a permanent injunction restraining and enjoining the Defendants from any act to collect any consumer debt within Maryland until such time as the Defendants are licensed as a collection agency by Maryland;

**[9]**  Enter an Order of this Court that the Defendants will immediately take all actions necessary to vacate every judgment entered in a Maryland court in favor of the Defendants where the civil action initiated by the Defendants were for the collection of a consumer debt;

**[10]**  Enter an Order of this Court that the Defendants will immediately take all actions necessary to vacate every lien entered in a Maryland court in favor of the Defendants where the civil action initiated by the Defendants were for the collection of a consumer debt;

**[11]**  Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

**[12]**  Provide such other relief as the Court deems appropriate:

COUNT III

VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT (MDCDCA)

MD CODE ANN., COM. LAW, §§ 14-201, ET SEQ.

CLAIM ON BEHALF OF CLASS

150.  Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 148 of this Class Action with the same effect as if herein fully set forth.

151.    The Defendants violated the MDCDCA in that the Defendants maked false representations to consumers as to the character, amount, or legal status of alleged consumer debt.

152.    The Defendants violated the MDCDCA in that the Defendants threatened to take action that the Defendants could not legally take to collect a consumer debt.

153.    The Defendants violated the MDCDCA in that the Defendants actually took action that the Defendants cannot legally take to collect a consumer debt.

154.    The Defendants violated the MDCDCA in that the Defendants falsely represented to consumers that consumer accounts had been acquired by innocent purchasers for value.

155.    The Defendants violated the MDCDCA in that the Defendants attempted to collect amounts that are not expressly authorized by the agreement creating the debt and permitted by law.

156.    Winemiller, Adams, Slaughter, and each member of the Class suffered damages as a result of the Defendants' violation of the MDCDCA.

157.    The MDCDCA provides for actual damages.

158.    The MDCDCA provides for reasonable attorneys' fees.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

**[1]**    Certify this civil action as a class action with Winemiller, Adams, Slaughter, as Class representatives and their attorneys as counsel on behalf of the Class;

**[2]**    Enter judgment in favor of the Class and against the Defendants, jointly and severally, in such amount as to be determined at trial and, for the purposes of a sum certain subject to further discovery as to the size of the Class, the amount sought on behalf of the Class is ten million dollars ($10,000,000.00);

**[3]**    Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

**[4]**    Provide such other relief as the Court deems appropriate:

### COUNT IV

### VIOLATION OF THE MARYLAND PERSONAL INFORMATION PROTECTION ACT (MDPIPA)

### MD CODE ANN., COM. LAW, §§ 14-3501, *ET. SEQ.*

### CLAIM ON BEHALF OF CLASS

159.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 157 of this Class Action with the same effect as if herein fully set forth.

160.    The Defendants violated the MDPIPA in that the Defendant publish "personal information" as that term is defined by MDPIPA, including social security account numbers.

161.    Winemiller, Adams, Slaughter, and each member of the Class suffered damages as a result of the Defendants' violation of the MDPIPA.

162.    The MDPIPA, through the MDCPA, provides for actual damages.

163.    The MDPIPA, through the MDCPA, provides for reasonable attorneys' fees.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

[1]    Certify this civil action as a class action with Winemiller, Adams, Slaughter, as Class representatives and their attorneys as counsel on behalf of the Class;

[2]    Enter judgment in favor of the Class and against the Defendants, jointly and severally, in such amount as to be determined at trial and, for the purposes of a sum certain subject to further discovery as to the size of the Class, the amount sought on behalf of the Class is ten million dollars ($10,000,000.00);

[3]    Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

[4]    Provide such other relief as the Court deems appropriate:

## COUNT V

### VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MDCPA)

### MD CODE ANN., COM. LAW, §§ 13-101 — 13-501

### CLAIM ON BEHALF OF CLASS

164. Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 162 of this Class Action with the same effect as if herein fully set forth.

165. The Defendants violated the MDCPA in that the Defendants make false representations to consumers as to the character, amount, or legal status of alleged consumer debt.

166. The Defendants violated the MDCPA in that the Defendants make false representations to consumers that the communication is from an attorney while simultaneously claiming that no attorney has reviewed the account addressed by the communication.

167. The Defendants violated the MDCPA in that the Defendants threatened to take action that the Defendants could not legally take to collect a consumer debt.

168. The Defendants violated the MDCPA in that the Defendants actually took action that the Defendants could not legally take to collect a consumer debt.

169. The Defendants violated the MDCPA in that the Defendants falsely represented to consumers that consumer accounts have been acquired by innocent purchasers for value.

170. The Defendants violated the MDCPA in that the Defendants attempted to collect amounts that are not expressly authorized by the agreement creating the debt and permitted by law.

171. The Defendants violated the MDCPA in that the Defendants sued consumers in a county other than the county in which the consumer resides.

172.    The Defendants violated the MDCPA in that the Defendants divulged personal information including social security account numbers to third parties and to the general public.

173.    The Defendants and each member of the Sub-Class suffered damages as a result of the Defendants' violations of the MDCPA.

174.    The MDCPA provides for actual damages.

175.    The MDCPA provides for reasonable attorneys' fees.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

[1]    Certify this civil action as a class action with Winemiller, Adams, and Slaughter, as Class representative and their attorneys as counsel on behalf of the Class;

[2]    Enter judgment in favor of the Class and against the Defendants, jointly and severally, in such amount as to be determined at trial and for the purposes of a sum certain, subject to further discovery as to the size of the Class, the amount sought on behalf of the Class is ten million dollars ($10,000,000.00);

[3]    Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

[4]    Provide such other relief as the Court deems appropriate.

## Count VI

### Violation of the Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692, et seq.

### Claim on Behalf of Sub-Class

176.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through —174 of this Class Action with the same effect as if herein fully set forth.

177.    The Defendants violated the FDCPA in that the Defendants make false representations to consumers as to the character, amount, or legal status of alleged consumer debt.

178.    The Defendants violated the FDCPA in that the Defendants threatened to take action that the Defendants could not legally take to collect a consumer debt.

179.    The Defendants violated the FDCPA in that the Defendants actually took action that the Defendants could not legally take to collect a consumer debt.

180.    The Defendants violated the FDCPA in that the Defendants falsely represented to consumers that consumer accounts have been acquired by innocent purchasers for value.

181.    The Defendants violated the FDCPA in that the Defendants attempted to collect amounts that the Defendants are not expressly authorized by the agreement creating the debt and permitted by law.

182.    Each member of the Sub-Class suffered damages as a result of the Defendants' violations of the FDCPA.

183.    The FDCPA provides for actual damages.

184.    The FDCPA provides for statutory damages in addition to actual damages.

185.    The FDCPA provides for reasonable attorneys' fees.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Sub-Class members pray that this Court:

[1]    Certify this civil action as a class action with Winemiller, Adams, Slaughter, and the as the Sub-Class representatives and their attorneys as counsel on behalf of the Sub-Class;

[2]    Enter judgment in favor of the Class and against the Defendants in such amount as to be determined at trial and for the purposes of a sum certain, subject to further discovery as to the size of the Class, the amount sought on behalf of the Sub-Class is ten million dollars ($10,000,000.00);

[3]    Enter judgment in favor of the Sub-Class against Worldwide I for statutory damages in the amount allowed by the FDCPA of five hundred thousand dollars ($500,000.00);

[4]    Enter judgment in favor of the Sub-Class against Worldwide II for statutory damages in the amount allowed by the FDCPA of five hundred thousand dollars ($500,000.00);

[5]    Enter judgment in favor of the Sub-Class against West Receivable for statutory damages in the amount allowed by the FDCPA of five hundred thousand dollars ($500,000.00);

**[6]**    Enter judgment in favor of the Sub-Class against West Corp. for statutory damages in the amount allowed by the FDCPA of five hundred thousand dollars ($500,000.00);

**[7]**    Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

**[8]**    Provide such other relief as the Court deems appropriate.

**COUNT VII**

**UNJUST ENRICHMENT**

**CLAIM ON BEHALF OF CLASS**

186.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 184 of this Class Action with the same effect as if herein fully set forth.

187.    As set forth above, the Defendants acquired consumer debts, collected payments, and obtained judgments to which they were not entitled by law, which conferred a substantial benefit on the Defendants.

188.    The Defendants were aware of, and had knowledge of, this substantial benefit.

189.    The Defendants have come into the possession of money in the form of payments that had to right at law or equity to receive or retains.

190.    It would be inequitable for the Defendants to retain any such funds to which they had no legal right.

191.    As a consequence, the members of the Class have been damaged.

**WHEREFORE**, Winemiller, Adams, Slaughter, and the Class members pray that this Court:

[1]    Certify this civil action as a class action with Winemiller, Adams, and Slaughter, as the Class representative and their attorneys as counsel on behalf of the Class;

[2]    Enter judgment in favor of the Class and against the Defendants, jointly and severally, in such amount as to be determined at trial and for the purposes of a sum certain, subject to further discovery as to the size of the Class, the amount sought on behalf of the Class is ten million dollars ($10,000,000.00);

[3]    Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

[4]    Provide such other relief as the Court deems appropriate.

## COUNT VIII

### RESPONDEAT SUPERIOR

### CLAIM ON BEHALF OF CLASS

192.    Plaintiffs adopt by reference the allegations contained in paragraphs 1 through 190 of this Class Action with the same effect as if herein fully set forth.

193.    As set forth above, Worldwide I and Worldwide II are foreign limited liability companies, subsidiaries of West Receivable, and controlled and directed by West Receivable.

194.   As set forth above, West Receivable is foreign corporation, subsidiary of West Corp., and controlled and directed by West Corp.

195.   Each act or omission of Worldwide I and Worldwide II in Maryland to collect consumer debt was done on behalf of West Receivable and West Corp. and under the direction and control of West Receivable and West Corp.

196.   Each act or omission of Worldwide I and Worldwide II in Maryland to collect consumer debt was in furtherance of West Receivable and West Corp.'s interest.

197.   Winemiller, Adams, Slaughter, and each member of the Class has suffered damages as a direct result of the acts of Worldwide I and Worldwide II on behalf of West Receivable and West Corp.

**WHEREFORE**, the Plaintiff and the Class members pray that this Court:

**[1]**   Certify this civil action as a class action with Winemiller, Adams, Slaughter, as the Class representative and their attorneys as counsel on behalf of the Class;

**[2]**   Enter judgment in favor of the Class and against West Receivable and West Corp., jointly and severally, in such amount as to be determined at trial and for the purposes of a sum certain, subject to further discovery as to the size of the Class, the amount sought on behalf of the Class is ten million dollars ($10,000,000.00);

**[3]**   Award reasonable attorneys' fees, litigation expenses, and the costs of this civil action; and

**[4]**     Provide such other relief as the Court deems appropriate.

For the Class:

By:     */s/ Scott C. Borison*
        Scott C. Borison, Esq.
        Federal Bar No. 22576
        Legg Law Firm, LLC
        5500 Buckeystown Pike
        Frederick, Maryland  21703
        Telephone:  301.620.1016
        Facsimile:  301.620.1018
        E-mail:  borison@legglaw.com

By:     */s/ Peter A. Holland*
        Peter A. Holland, Esq.
        Federal Bar No. 10866
        The Holland Law Firm, P.C.
        Suite 21 – Clock Tower Place
        Annapolis, Maryland  21403
        Telephone:  410.280.6133
        Facsimile:  410.280.8650
        E-mail:  peter@hollandlawfirm.com

By:     */s/...Michael Gregg Morin*
        Michael Gregg Morin, Esq.
        Federal Bar No. 15399
        Of Counsel to:  The Holland Law Firm, P.C.
        Suite 21 – Clock Tower Place
        Annapolis, Maryland  21403
        Telephone:  410.280.6133
        Facsimile:  410.280.8650
        E-mail:  mikemorin@msn.com