## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

WILSON C. WINEMILLER, JR.,
WARREN P. ADAMS, and MICKEY S.
SLAUGHTER, each individually and on behalf
of all Maryland residents similarly situated,

          Plaintiffs,

                                       Case No. 1:09-cv-02487-RDB

v.

WORLDWIDE ASSET PURCHASING, LLC,
WORLDWIDE ASSET PURCHASING II, LLC,
WEST RECEIVABLE SERVICES, INC., and
WEST CORPORATION,

          Defendants.

_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as "Plaintiffs"), and defendants, Worldwide Asset Purchasing, LLC, Worldwide Asset Purchasing II, LLC, West Receivable Services, Inc., and West Corporation (hereinafter collectively referred to as "Defendants") (jointly referred to as the "Parties"), through counsel and pursuant to Fed. R. Civ. P. 23, move this Court for preliminary certification and approval of the proposed class action settlement in this matter.  The Parties respectfully show:

## I. INTRODUCTION

1.     On September 22, 2009, Plaintiffs filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit"), asserting class claims against

Defendants under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act (hereinafter referred to as the "MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, *et seq.*, the Maryland Personal Information Protection Act (hereinafter referred to as the "MPIPA"), Md. Code Ann., Com. Law, §§ 14-3501, *et seq.*, the Maryland Consumer Protection Act (hereinafter referred to as the "MCPA"), Md. Code Ann., Com. Law, §§ 13-101, *et seq.*, and Maryland common law.  Plaintiffs alleged that West Asset Purchasing, LLC (hereinafter referred to as "WAP") and West Asset Purchasing II, LLC (hereinafter referred to as "WAP II") violated the FDCPA and Maryland state law by (1) improperly filing collection lawsuits in Maryland state court without proper collection agency registration and licensing; (2) filing affidavits in the state court collection lawsuits that misstated the principal amount due on the consumer debts and that failed to comply with Maryland Rule of Civil Procedure 3-306; (3) improperly disclosing social security numbers in the state court collection pleadings; and, (4) filing collection lawsuits on time-barred debts.

2.     After extensive arms-length negotiations, conference calls, and informal discovery, on May 7, 2010, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), attached hereto as **Exhibit 1**.

3.     Pursuant to Fed. R. Civ. P. 23(e), the Parties now seek preliminary certification and approval of the proposed class action settlement.  Specifically, the Parties request the Court preliminarily certify the proposed class and preliminarily approve the proposed class action settlement by entering the Order of Preliminary

Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order") attached hereto as **Exhibit 2**.

## II. SUPPORTING MEMORANDUM OF LAW

The Parties submit the following memorandum in support of their motion for preliminary approval of class action settlement agreement.

### A.     PROPOSED SETTLEMENT

As stated above, the Agreement is attached hereto as **Exhibit 1**.  The significant terms of the proposed settlement are set forth in the following sub-paragraphs.

#### 1.     Certification of a Fed. R. Civ. P. 23(b)(2) Maryland Class.

For settlement purposes only, and pursuant to Fed. R. Civ. P. 23(b)(2), the Parties seek preliminary certification of the following Maryland class of plaintiffs (hereinafter referred to as the "Maryland Class Members"):

> All natural persons with Maryland addresses against whom WAP or WAP II filed a collection lawsuit in Maryland state court from September 22, 2006 to January 1, 2010.

Ex. 1, Agreement, at ¶ 1.C.

#### 2.     Class Representative and Class Counsel Appointment.

The Plaintiffs propose and the Defendants agree, for settlement purposes only, that Plaintiffs be designated the class representatives for the Maryland Class Members (hereinafter referred to as the "Class Representatives" or "Plaintiffs"), and Scott C. Borison and Phillip R. Robinson of the LEGG LAW FIRM LLC and Peter A. Holland and Michael G. Morin of THE HOLLAND LAW FIRM, PC be designated as counsel for

the Maryland Class Members (hereinafter referred to as "Class Counsel").  *Id.* at ¶ 3. Class Counsel's qualifications are set forth in **Exhibit 3** hereto.

### 3.        No Notice to Maryland Class Members per Fed. R. Civ. P. 23.

Fed. R. Civ. P. 23(c) does *not* require the Parties to provide notice of the settlement to the Maryland Class Members.  *See*, *e.g.*, *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 254 (3d Cir. 1975) ("Rule 23 definitely does not require mandatory notice for (b)(2) actions.  By its terms, the mandatory notice requirement of (c)(2) applies only to actions maintained under (b)(3).").  The proposed settlement, therefore, does not provide for notice to the Maryland Class Members.  Notice of the settlement to Plaintiffs shall constitute due and sufficient notice to the Maryland Class Members.  Ex. 1, Agreement, at ¶ 8.

### 4.        Exclusions and Objections.

In compliance with Fed. R. Civ. P. 23(b)(2), the Maryland Class Members will *not* be permitted to exclude themselves from the class.  *Id*. at ¶ 9.  *See*, *e.g.*, 7AA, C. Wright, A. Miller, and M. Kane, Federal Practice & Procedure, § 1786 ("[C]lass members in Rule 23(b)(1) and Rule 23(b)(2) actions are not provided an opportunity by the rule to exclude themselves from the action as is true in Rule 23(b)(3) actions.") (gathering authorities).

Any Maryland Class Member who intends to object to the fairness of the settlement must file a written objection with the Court within 30 days from the Court's entry of the Preliminary Approval Order.  Further, any such Maryland Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Defendants.  Ex. 1, Agreement, at ¶ 10.

In the written objection, the Maryland Class Member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  *Id*. at ¶ 11.

Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.  *Id*. at ¶ 12.

**5.**   **Settlement Consideration.**

As explained above, the proposed settlement class is a Rule 23(b)(2) settlement class, and, therefore, the settlement consideration is as follows:

**a.**   **Injunction.**

The Maryland Class Members will receive the benefit of the stipulated injunction attached to the Agreement as Exhibit C (hereinafter referred to as the "Stipulated Injunction").  Upon entry of the Final Order and Judgment, the Parties will request the Court enter the Stipulated Injunction, ordering WAP and WAP II to cease filing collection lawsuits, and stay any pending collection lawsuit, until such time as they obtain collection licenses required under Maryland law.  *Id*. at ¶ 17.A.  Further, to the extent WAP or WAP II obtained a judgment against any of the Maryland Class Members, and WAP and WAP II still own the judgment, and the judgment has not been resolved by payment, settlement, bankruptcy, or other means, WAP and WAP II will be ordered within 10 days of Final Judgment Day to reduce the balance on the judgment account back to the balance as of the date WAP or WAP II placed the account with a Maryland attorney to file suit.  *Id*.  This pre-suit figure shall be referred to as the "Adjusted

Balance." *Id.* WAP and WAP II will be permitted to continue to collect on the Adjusted

Balance and add interest from the date of the adjustment forward if permitted by law, but

will otherwise be prohibited from attempting to collect the pre-adjusted balance. *Id.* The

Parties agree that no 1099s will be issued for the debt forgiveness, as the debts are

deemed "disputed." *Id.* The injunction will automatically dissolve 1 year from the date

of entry without further action by the Parties or the Court, but WAP and WAP II will

remain bound by the debt forgiveness obligation. *Id.* After dissolution of the injunction,

WAP and WAP II will continue to use their best efforts to comply with all Maryland state

debt collection licensing requirements. *Id.*

## b. <u>Class Representative Incentive Payments and Settlements</u>.

In recognition of Plaintiffs' services as the Class Representatives and for

Plaintiffs' individual settlements, including their individual FDCPA, MCDCA, MPIPA

and MCPA claims, within 10 days after Final Judgment Day, WAP shall pay the

Plaintiffs as follows:

i.   <u>Winemiller</u>—Defendants shall pay Plaintiff Winemiller $3,500, plus

waive the debt the subject of the underlying collection lawsuit filed

against him and request that any tradelines relating to the debt which

were reported by Defendants to any credit reporting agency be

deleted; the subject debt is considered disputed, so no 1099 will be

issued regarding the debt waiver. *Id.* at ¶ 17.B.

ii.   <u>Adams</u>—Defendants shall pay Plaintiff Adams $4,500, plus request

that any tradelines relating to the debt the subject of the underlying

collection lawsuit filed against him which were reported by Defendants to any credit reporting agency be deleted. *Id.*

iii.    Slaughter—Defendants shall pay Plaintiff Slaughter $2,500, plus waive the debt the subject of the underlying collection lawsuit filed against him and request that any tradelines relating to the debt which were reported by Defendants to any credit reporting agency be deleted; the subject debt is considered disputed, so no 1099 will be issued regarding the debt waiver. *Id.*

c.    **Attorneys' Fees, Costs, and Expenses.**

WAP agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k. *Id.* at ¶ 21. The Parties and their respective counsel agree they will negotiate in good faith in an attempt to reach an agreement regarding Class Counsel's attorneys' fees, costs, and expenses, to be submitted for Court approval. *Id.* If no agreement is reached by the Parties, Class Counsel will file a motion for attorneys' fees, costs, and expenses. WAP may oppose the amount of fees, costs, and expenses sought but will not opposed Class Counsel's entitlement to fees. *Id.* WAP shall be afforded proper notice of such motion and an opportunity to file papers objecting to the reasonableness of Class Counsel's hourly rates, of the work conducted, of the hours spent and of the amount of attorneys' fees, costs, and expenses requested by Class Counsel. *Id.* The award of fees, costs, and expenses to Class Counsel shall be in addition, and shall not in any way reduce, the settlement amounts to be provided to all Maryland Class Members. *Id.*

The Parties agree that the procedure for and the allowance or disallowance by the Court of any application by Class Counsel or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by WAP are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving this Agreement and the settlement of the Lawsuit. *Id*. at ¶ 23.

**6.      Class Action Fairness Act.**

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within 10 days of the filing the Agreement, Defendants will send notice of the proposed settlement to the United States Attorney General and the Maryland Attorney General.

**B.      THE SETTLEMENT SATISFIES THE REQUIREMENTS OF RULE 23**

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id.* "For in such cases, 'the class action device saves the resources of both the courts and the

parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Id*. (changes in original).

Courts in the Fourth Circuit have recognized "there is an overriding public interest in favor of settlement, particularly in class action suits." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, *10 (E.D. Va. 2009).   "There is a 'strong presumption in favor of finding a settlement fair;" nevertheless, a proposed settlement must satisfy the requirements of Rule 23. *Id*.; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). "Fed. R. Civ. P. 23 enumerates the requirements for certification of a class action. The Court may certify a class only if it satisfies all the prerequisites of Rule 23(a), and the requirements of at least one subdivision of Rule 23(b)." *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 496 (D. MD. 1998).

The reason to favor class certification is that class action lawsuits are **essential**, and often the only practical way, to enforce consumer protection laws.

> In a large and impersonal society, class actions are often the last barricade of consumer protection . . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action – private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are not truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.

*Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995, 574 N.E. 2d 760, 764 (Ill. 1991).

This approach was echoed by this Court in *Arrington v. Colleen*, Inc., 2001 WL 34117734 at *1 (D. Md. Apr. 2, 2001):

> Class certification is a useful tool which can economize and focus judicial resources by allowing the court to consolidate similar claims and provide consistent and conclusive final judgments. Class certification also allows claims that may not otherwise be brought, because the cost of bringing the individual claim is prohibitive when the remedy is either injunctive relief or small monetary damages.

Straightforward consumer cases such as this one are routinely certified as class actions by courts in Maryland and elsewhere. The United States Supreme Court has noted that cases involving consumer or securities fraud or violations of anti-trust laws are especially appropriate for class action treatment. *Amchem Product, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). *See also Benway*, 239 F.R.D. 419 (certified class action claims for violation of RESPA); *Mitchell-Tracey v. United General Title Insurance Company*, 237 F.R.D. 551 (D. Md. 2006) (certifying two consumer classes against title insurance underwriter for agents' overcharges); *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D.Md. 1998) (certifying consumer class action against loan servicer).

### 1.    The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

Rule 23(a) provides "Prerequisites.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable [i.e. numerosity]; (2) there are questions of law or fact common to the class [i.e. commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e.

typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [i.e. adequacy of representation]."

The proposed class satisfies the Fed. R. Civ. P. 23(a) prerequisites. Each prerequisite is discussed below.

### a.   <u>Numerosity</u>.

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability refers only to difficulty, not impossibility." *Peoples*, 179 F.R.D. at 497. "[G]enerally, courts find classes of at least 40 members sufficiently large to satisfy the [numerosity] requirement." *Id.*

The numerosity requirement is easily met in this case. Plaintiffs claim the debt buyer defendants violated the FDCPA and Maryland law by filing collection lawsuits without proper debt collection agency licensing and registration. Defendants contend they did not violate the law and relied in good faith upon guidance given by the licensing and registration agencies. Defendants also aver that debt buyers filing collection lawsuits are not required to be licensed, or registered.

Defendants have identified 4,427 Maryland Class Members. Joinder of all 4,427 class members would be impracticable.

### b.   <u>Commonality</u>.

"Rule 23(a)(2) requires that the court find that 'there are questions of law or fact common to the class.'" *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 636 (D. S.C. 1992). "Commonality [however] does not require class members to share

all issues in the suit, but simply a single common issue.  Thus, factual differences among the class members' cases will not preclude certification if the class members share the same legal theory."  *Peoples*, 179 F.R.D. at 498.  *See also* C. Wright and A. Miller, *Federal Practice and Procedures*, §1763 at 12681 (West 1994); *Arrington v. Colleen, Inc.*, 2001 WL 34117734, *3 (D. Md. Apr. 2, 2001); *German v. Federal Home Loan Mortgage Corp.*, 885 F. Supp. 537, 553 (S.D.N.Y. 1995)(citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198 (S.D.N.Y. 1992)).  "***Thus, factual differences among class members' cases will not preclude certification if the class members share the same legal theory***." *Peoples,* 179 F.R.D. at 498 (*citing Brown v. Eckerd Drugs, Inc.,* 663 F.2d 1268, 1275 (4th Cir. 1981), *vacated on other grounds,* 457 U.S. 1128 (1982)) (emphasis added).

The commonality requirement is met here.  Plaintiffs' claims and the claims of the proposed Maryland Class Members are factually and legally identical.  As discussed above, the central issue in this case is whether Defendants improperly filed collection lawsuits in Maryland state court without proper debt collection agency licensing.  Plaintiffs' and the proposed Maryland Class Members' claims stem from the same alleged conduct – debt collection suits filed against them.  Class certification would result in practical and efficient case management.

### c.  <u>Typicality.</u>

"The typicality requirement goes to the heart of the representative parties' ability to represent the class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements."  *Deiter v. Kloth*, 436 F.3d 461, 466 (4th Cir.

2006).  Typicality requires "the claims or defenses of the class representative typify those of the class as a whole." *Peoples*, 179 F.R.D. at 498.  "The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff[s], so go the claims of the class.'" *Deiter*, 436 F.3d at 466.  "The test for determining typicality is whether the claim or defense arises from the same course of conduct leading to the class claims, and whether the same legal theory underlies the claims or defenses." *Id.*

Here, like commonality, the typicality requirement is plainly satisfied.  As explained, Plaintiffs' claims and the claims of the proposed Maryland Class Members stem from the same alleged conduct, and are legally and factually identical.  Plaintiffs' claims are, therefore, not only typical of the claims of the Class, they are virtually identical to them. *See Kohl v. Assoc. of Trial Lawyers of America*, 183 F.R.D. 475, 484 (D. Md. 1998); *Benway*, 239 F.R.D. at 424.

### d.   <u>Adequacy of Representation</u>.

The adequacy of representation requirement "focuses on class counsel's competence and experience and on the degree of antagonism between the class and the representative." *Peoples*, 179 F.R.D. at 499.  The purpose of the requirement is "to uncover conflicts of interest between the named parties and the class they seek to represent." *Amchem Prod., Inc.*, 521 U.S. at 625.  "A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

Plaintiffs in this case have no claim or interest that conflicts with those of the Class.  Named Plaintiffs have followed this case diligently and are prepared to answer

discovery and testify at trial if this matter cannot be otherwise resolved.  Appointment of

class counsel is now governed by Rule 23 (g), which provides:

> (g) Class Counsel.
> (1) *Appointing Class Counsel.*
>> (A) Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.
>> (B) An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>> (C) In appointing class counsel, the court
>>> (i) must consider: the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the
>>> type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class;
>>> (ii) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>>> (iii) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
>>> (iv) may make further orders in connection with the appointment.

Consideration of each the mandatory factors warrants appointment of the

Plaintiffs' counsel as class counsel in this matter. The claims were identified because

Plaintiffs' counsel's practices are devoted to advocating for and representing consumers.

Plaintiffs' counsel stay well educated on current issues in the consumer law area by

participating in legislative matters, litigating cases as well as speaking on the law related

to the claims. Identifying Plaintiffs' claims was possible because of counsels' active

involvement in the consumer law issues. Prior to and since filing this lawsuit, Plaintiffs'

counsel have investigated the Defendants and their practices. Plaintiffs' counsel has and will commit sufficient resources to prosecute the case if it is not otherwise resolved.

Plaintiffs' counsel are very experienced in class actions as well as consumer law. Plaintiffs' counsel have previously been found to be adequate class counsel and have served as lead class counsel in numerous cases involving consumer frauds and other legal violations. As set forth in the attached Declaration of Counsel, Exhibit 3, Scott C. Borison, has served as class counsel in many class actions, including cases in this Court. Similarly, attorneys Phillip R. Robinson and Peter A. Holland have also served as class counsel in many cases, including cases in this Court. Similarly, Michael G. Morin and Douglas B. Bowman are both experienced consumer attorneys, each having represented literally scores of consumers, many of which have involved consumer debt collection. A list of Class Counsel's class action cases are set forth in the accompanying Declaration, Exhibit 3.

Finally, Plaintiffs have no antagonistic interests to the Class Members.  Plaintiffs' claims are identical to the Maryland Class Members' claims and there is no potential for conflicting interests in this action.

### 2.        The Fed. R. Civ. P. 23(b)(2) Requirements are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc.*, 521 U.S. at 614.  A class may be certified under Rule 23(b)(2) when the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief. . . is appropriate respecting the class as a

whole." Fed. R. Civ. P. 23(b)(2). "The import of this language is that the claims contemplated in a (b)(2) action are class claims, claims resting on the same grounds and applying more or less equally to all members of the class." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983).

The Court should preliminarily certify the proposed class under Rule 23(b)(2) for at least 3 reasons. First, the Plaintiffs seek injunctive relief in their complaint.

Second, the agreed-upon injunctive relief, *i.e.*, the balance adjustment to the related accounts, will redress an alleged group-wide injury.

Third, many other courts have certified Rule 23(b)(2) classes in FDCPA cases. *See del Campo v. American Corrective Counseling Services, Inc.*, 254 F.R.D. 585 (N.D. Cal. 2008); *Hunt v. Check Recovery Systems, Inc.*, 241 F.R.D. 505 (N.D. Cal. 2007); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D. N.Y. 2006); *Gonzales v. Arrow Financial Services, LLC*, 233 F.R.D. 577 (S.D. Cal. 2006); *Tyrell v. Robert Kaye & Associates, P.A.*, 223 F.R.D. 686 (S.D. Fla. 2004); *Evans v. American Credit Systems, Inc.*, 222 F.R.D. 388 (D. Neb. 2004); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 669 (M.D. Fla. 1999) ("[T]he Court finds the proposed class is certifiable pursuant to Fed. R. Civ. P. 23(b)(2)."); *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D. Cal. 1999); *Borcherding-Dittloff v. Transworld Systems, Inc.*, 185 F.R.D. 558 (W.D. Wis. 1999); *Young v. Meyer & Njus, P.A.*, 183 F.R.D. 231, 234 (N.D. Ill. 1998) ("[J]udges in this district have certified Rule 23(b)(2) FDCPA class actions where appropriate and have not precluded such actions as a matter of law[.]"); *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313 (N.D. Ill. 1995).

Plaintiffs seek class-wide injunctive relief for their claims against Defendants. The claims at issue rest on the same grounds and are equally applicable to all members of the class. As explained above, Plaintiffs' and the putative class members' claims are factually and legally identical. In light of these facts, class certification under Rule 23(b)(2) is proper.

### 3.    The Fed. R. Civ. P. 23(e) Requirements are Satisfied.

Rule 23(e) provides a class action shall be "compromised only with the court's approval." Fed. R. Civ. P. 23(e). "The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." In re *Jiffy Lube Securities Litigation*, 927 F.2d 155, 158 (4th Cir. 1991). "When a settlement agreement has been the subject of arms-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement." *Houston v. URS Corp.*, 2009 WL 2474055 (E.D. Va. 2009). However, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

"Courts have identified several factors . . . which merit consideration. These may be broken down into two major categories: those which go to 'fairness' and those which go to 'adequacy' of a settlement." In re *Montgomery County Real Estate Antitrust Litigation*, 83 F.R.D. 305, 315 (D. Md. 1979); *see also* In re *Jiffy Lube Securities Litigation*, 927 F.2d at 158-59.

### a.     **The Proposed Settlement Satisfies the Fairness Factors.**

To meet the fairness factors, the Court must determine "the settlement was reached as a result of good-faith bargaining at arm's length, without collusion, on the basis of (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel. . . ."  In re *Jiffy Lube Securities Litigation*, 927 F.2d at 158-59; *Kovacs v. Ernst & Young*, 927 F.2d 155, 158 (4th Cir. 1991).

Although the Parties reached as a settlement fairly early in this Lawsuit, the Parties negotiated the proposed settlement at arms-length after careful and extended consideration of the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses.  Defendants filed a motion to dismiss Plaintiffs' claims, and Plaintiffs' prepared their responsive opposition.  During the briefing period, the parties exchanged informal discovery sufficient to allow them to make well-informed and reasonable decisions; and, after carefully weighing the risks of continued litigation and the potential risk of an adverse judgment, the Parties negotiated a settlement that mutually benefits the needs of all parties.

The proposed settlement was not the product of fraud or collusion.  The Parties have been represented by counsel experienced in consumer and class litigation.  Class Counsel are "seasoned attorneys" and have determined this settlement is in the Maryland Class Members' best interest.  Class Counsels' qualifications are further set forth in **Exhibit 3**.  Counsel for the Defendants also have a national practice in FDCPA litigation and substantial experience with the issues raised by the Plaintiffs' claims and allegations.

### b.     **The Proposed Settlement Satisfies the Adequacy Factors.**

To determine if the settlement is adequate, the Court must consider "(1) the relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Id.* at 159.  While the fifth factor is inapplicable at this stage, application of the other relevant factors shows the proposed settlement provides adequate relief to the class members.

The likelihood of success for the class is uncertain if they were to proceed to trial. The class claims involve an unsettled legal issue.  Upon information and belief, no Maryland Court has ruled on the issue of whether a debt buyer that merely refers accounts to debt collection attorneys to file suit is required to be licensed under Maryland debt collection agency licensing statutes.  As set forth in Defendants' motion to dismiss, Defendants have numerous defenses that Defendants claim would ultimately defeat the claims of the putative class.  Protracted discovery, motions practice and a trial in this case would be lengthy and expensive and early settlement will avoid significant fees and costs to each side.

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, and pursuant to Fed. R. Civ. P. 23(b)(2), the Parties respectfully request that the Court preliminarily certify the proposed class and preliminarily approve the proposed settlement by entering the proposed

Preliminary Approval Order attached as **<u>Exhibit 2</u>**, and for such other relief as this Court

deems proper.

Respectfully submitted,


s / Scott C. Borison, Esq.                         s / Erin O. Millar, Esq.

_____                    _____
Scott C. Borison, Esq.                             Jonathan E. Claiborne, Esq.
Phillip R. Robinson, Esq.                          Erin O. Millar, Esq.
LEGG LAW FIRM LLC                              WHITEFORD, TAYLOR & PRESTON LLP
5500 Buckeystown Pike                           7 St. Paul Street, Suite 1900
Frederick, MD  21703                              Baltimore, MD 21202
Telephone:   (301) 620-1016                    Telephone:   (410) 659-6424
Facsimile:   (301) 620-1018                     Facsimile:   (410) 234-2377
borison@legglaw.com                            jclairborne@wtplaw.com
probinson@legglaw.com                          emillar@wtplaw.com


Peter A. Holland, Esq.                             Bryan C. Shartle, Esq.
Michael G. Morin, Esq.                            SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
THE HOLLAND LAW FIRM, P.C.                  Lakeway Two, Suite 1240
124 South Street, Suite 3                          3850 North Causeway Boulevard
Annapolis, MD  21403                             Metairie, LA 70002-1752
Telephone:   (410) 280-6133                    Telephone:   (504) 846-7917
Facsimile:   (410) 280-8650                     Facsimile:   (504) 828-3737
peter@hollandlawfirm.com                       bshartle@sessions-law.biz
mikemorin@msn.com

                                                          Dayle M. Van Hoose, Esq.
Counsel for Plaintiffs                             SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
                                                          3350 Buschwood Park Drive, Suite 195
                                                          Tampa, FL 33618
                                                          Telephone:   (813) 890-2463
                                                          Facsimile:   (866) 466-3140
                                                          dvanhoose@sessions-law.biz

                                                          Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served on the Defendant's

counsel by electronic service to all parties of record through the ECF system on June 8,

2010.

_____//s//_____

Phillip Robinson