# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

WILSON C. WINEMILLER, JR.,
WARREN P. ADAMS, and MICKEY S.
SLAUGHTER, each individually and on behalf
of all Maryland residents similarly situated,

    Plaintiffs,

              Case No. 1:09-cv-02487

v.

WORLDWIDE ASSET PURCHASING, LLC,
WORLDWIDE ASSET PURCHASING II, LLC,
WEST RECEIVABLE SERVICES, INC., and
WEST CORPORATION,

    Defendants.

_____/

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated May 7, 2010, is entered into between Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as "Plaintiffs" or "Class Representatives"), individually and on behalf of the "Maryland Class Members" (as defined below), and defendant, Worldwide Asset Purchasing, LLC (hereinafter referred to as "WAP"). This Agreement is intended by WAP and Plaintiffs, on behalf of themselves and the Maryland Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below) in favor of

the "Released Parties" (as defined below), upon and subject to the terms and conditions contained herein.

<u>WITNESSETH:</u>

WHEREAS, on September 22, 2009, Plaintiffs filed a class action complaint (hereinafter referred to as the "Lawsuit"), asserting claims against WAP, Worldwide Asset Purchasing II, LLC (hereinafter referred to as "WAP II"), West Receivable Services, Inc. (hereinafter referred to as "West Receivable"), and West Corporation (hereinafter referred to as "West Corp") (WAP, WAP II, West Receivable, and West Corp hereinafter collectively referred to as the "Defendants") under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act (hereinafter referred to as the "MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, *et seq.*, the Maryland Personal Information Protection Act (hereinafter referred to as the "MPIPA"), Md. Code Ann., Com. Law, §§ 14-3501, *et seq.*, the Maryland Consumer Protection Act (hereinafter referred to as the "MCPA"), Md. Code Ann., Com. Law, §§ 13-101, *et seq.*, and Maryland common law;

WHEREAS, Plaintiffs alleged WAP and WAP II:  (1) are debt collection agencies under Maryland law, which improperly filed lawsuits in Maryland state court without proper registration and licensing; (2) filed affidavits in the state court

lawsuits that misstated the principal amount due on consumer debts and failed to comply with Maryland Rule of Civil Procedure 3-306; (3) improperly disclosed social security numbers in the state court collection pleadings; and, (4) filed collection lawsuits on time-barred debts;

WHEREAS, the Parties desire and intend to settle and resolve all of the claims asserted in the Lawsuit;

WHEREAS, the Parties wish to avoid the expense and uncertainty of litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Maryland Class Members has conducted an evaluation of the claims to determine how best to serve the interests of the Maryland Class Members;

WHEREAS, counsel for the Maryland Class Members believes, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement, that the class settlement provided in this Agreement is in the best interests of the Maryland Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in extensive arms-length negotiations and informal discovery;

WHEREAS, the Parties desire and intend to seek court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment from the Court dismissing with prejudice the Plaintiffs' and the Maryland Class Members' claims as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), Pub. L. No. 109-2, 119 Stat. 4;

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of the settlement, and to oppose improper objections to the proposed settlement, including improper objections by any regulatory authority after the CAFA notice is issued, and to oppose any appeals from any orders of final approval.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree:

1. <u>DEFINITIONS</u> – The following definitions shall apply to this Agreement:

A. "<u>Effective Date</u>" shall mean the first date after "Final Judgment Date" (as defined below) and after WAP fulfills its obligations required under ¶ 17 of this Agreement.

B.     "Final Judgment Date" shall mean the day upon which the Final Order and Judgment becomes "Final."   The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment.   If any appeal from the Final Order and Judgment is filed, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

C.     "Maryland Class Members" shall mean all natural persons with Maryland addresses against whom WAP or WAP II filed a collection lawsuit in Maryland state court from September 22, 2006 to January 1, 2010.   The Defendants warrant and represent there are approximately 4,427 Maryland Class Members.

D.     "Released Claims" shall mean, subject to the limitations stated in ¶¶ 14 and 18 below allowing individual monetary claims, any and all claims, causes of action suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law (including the MCDCA, the MPIPA, or the MCPA), common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiffs or any Maryland Class Member has arising out of, based

upon, or in any way relating to the class claims asserted in the Lawsuit, including, but not limited to:

      i.     Claims arising out of any of the facts, events, occurrences, acts or omissions complained of in the Lawsuit or other related matters that were or could have been brought against the "Released Parties" (as defined below), including claims relating to any alleged unlicensed or unregistered collection activity by Defendants;

      ii.     Claims arising out of the prosecution or defense of the Lawsuit, including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

      iii.     Claims arising out of or related to the notice of this settlement.

      E.     "Unknown Claims" shall mean, subject to the limitations stated in ¶¶ 14 and 18 below allowing individual monetary claims, any and all claims that Plaintiffs or any Maryland Class Member does not know or even suspect to exist against any of the Released Parties relating to this Lawsuit, which, if known, might have affected his or her decision regarding the settlement of the Lawsuit. Plaintiffs further acknowledge, and the Maryland Class Members shall be deemed to acknowledge, that they may hereafter discover facts in addition to or different from

those that they now know or believe to be true concerning the subject matter of this release, but nevertheless fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

F.     "Released Parties" shall mean WAP, WAP II, West Receivables, and West Corp, and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit, and all of their subsidiary entities, and any other related entity.  Released Parties does not include any entity for whom Defendants obtained a judgment from a Maryland Class Member as defined in ¶ 1(C) above, and subsequently sold the judgment to another party or entity not a signatory to this Agreement, unless the purchaser agrees to extend the consideration herein to the Maryland Class Member.

G.    "Money Damages" shall mean actual damages, statutory damages, non-economic damages, costs of bringing the action, attorneys' fees, and any other relief afforded under the FDCPA or any other state consumer laws.

2.    CLASS CERTIFICATION – Concurrent with seeking preliminary approval of the settlement, counsel for the Parties shall jointly seek certification under Fed. R. Civ. P. 23(b)(2) of the Class defined in ¶ 1(C) above.

A.    Class List – Within 5 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement, Defendants shall provide Class Counsel a list in MS Excel format of the Maryland Class Members, identifying each Class Member's name, account number, present account balance, and anticipated adjusted account balance if the settlement set forth herein is approved.

3.    CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT – For settlement purposes, and subject to Court approval, Plaintiffs are appointed as the Class Representatives for the Maryland Class Members and Scott C. Borison and Phillip R. Robinson of the law firm LEGG LAW FIRM LLC and Peter Holland and Michael Gregg Morin of the law firm THE HOLLAND LAW FIRM, PC are appointed as counsel for the Maryland Class Members (hereinafter referred to as "Class Counsel").

4.    ORDER OF PRELIMINARY APPROVAL – On or before May 5, 2010, counsel for the Parties shall jointly request the Court enter an Order of Preliminary

Approval of Class Action Settlement in substantially the form attached as **Exhibit A**.

5.     FINAL ORDER AND JUDGMENT – If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Parties shall jointly request the Court enter a Final Order and Judgment in substantially the form attached as **Exhibit B**.

6.     Upon entry of the Final Order and Judgment, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Lawsuit, except issues concerning attorneys' fees, costs and expenses pursuant to ¶¶ 21 and 22 of this Agreement.

7.     Plaintiffs and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate.  In the event this settlement is not approved, the Defendants retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

8.     ADMINISTRATION AND NOTIFICATION PROCESS – WAP, at its sole cost and expense, shall administer or oversee the administration of the settlement under the review and reasonable supervision of Class Counsel.  Considering the

Parties propose certification of a Fed. R. Civ. P. 23(b)(2) settlement class, notice to the Maryland Class Members is unnecessary. Notice of the settlement to Plaintiffs shall constitute due and sufficient notice to the Maryland Class Members.

9. <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u> – In compliance with Fed. R. Civ. P. 23(b)(2), the Maryland Class Members will not be permitted to exclude themselves from the class.

10. Any Maryland Class Member who intends to object to the fairness of the settlement must file a written objection with the Court within 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Defendants.

11. In the written objection, the Member must state: his or her full name, address, telephone number and email address (if available); the facts which qualify him/her as a Maryland Class Member; the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.

12. Any Maryland Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

13.    Subject to the Court's calendar and approval, a Fairness Hearing will be conducted regarding the settlement within 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement.

14.    <u>RELEASES</u> – As of the Effective Date, Plaintiffs and the Maryland Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against the Released Parties, except that the Maryland Class Members will have the right to file only a separate individual action against any of the Released Parties for only Money Damages relating to the Released Claims.  Neither this Agreement, nor the settlement set forth herein, is intended to settle or release any of the Maryland Class Members' individual claims for Money Damages.  Further, this Agreement is not intended to create any new rights, or expand any existing rights, that any Maryland Class Member may have against any Released Party, or a Released Party may have against a Maryland Class Member under any state or federal law.  For example, this Agreement does not restart the statute of limitations for any claim that any Maryland Class Member may have against any Released Party under any state or federal law, or for any claim of a Released Party against any Maryland Class Member.

15.     Upon execution of this Agreement, Plaintiffs fully, finally, and forever settle, release, and discharge the Released Parties from any and all claims that they may have against the Released Parties, including, but not limited to, the Released Claims and any other claims that were asserted in the Lawsuit.   This release includes the release of any claims asserted in the Lawsuit for Money Damages or injunctive relief.

16.     The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries, or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and approved by a court are hereby expressly, knowingly, and voluntarily waived by the Parties and the Maryland Class Members.

17.     SETTLEMENT CONSIDERATION – In consideration for the foregoing releases, the Parties agree to the following:

A.     Stipulated Injunction – When seeking entry of the Final Order and Judgment, the Parties will jointly request that the Court enter the Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction"), attached as **Exhibit C**.  Pursuant to the Stipulated Injunction, WAP and WAP II will be ordered to cease filing collection lawsuits, and stay any pending collection lawsuit, until such time as they obtain collection licenses under Maryland law.

Further, to the extent WAP or WAP II obtained a judgment against any of the Maryland Class Members, and WAP and WAP II still own the judgment, and the judgment has not been resolved by payment, settlement, bankruptcy, or other means, WAP and WAP II will be ordered within 10 days of Final Judgment Day to reduce the balance on the judgment account back to the balance as of the date WAP or WAP II placed the account with a Maryland attorney to file suit. This pre-suit figure shall be referred to as the "Adjusted Balance." WAP and WAP II will be permitted to continue to collect on the Adjusted Balance and add interest from the date of the adjustment forward if permitted by law, but will otherwise be prohibited from attempting to collect the pre-adjusted balance. The Parties agree that no 1099s will be issued for the debt forgiveness, as the debts are deemed "disputed." The injunction will automatically dissolve two years from the date of entry of the Final Order and Judgment without further action by the Parties or the Court, but WAP and WAP II will remain bound by the debt forgiveness obligation. After dissolution of the injunction, WAP and WAP II will continue to use their best efforts to comply with all Maryland state debt collection licensing requirements.

      B.    <u>Class Representative Fees</u> – In recognition of Plaintiffs' services as the Class Representatives and for Plaintiffs' individual settlements, including their

individual FDCPA, MCDCA, MPIPA and MCPA claims, within 10 days after Final Judgment Day, WAP shall pay the Plaintiffs as follows:

i.   Winemiller—Defendants shall pay Plaintiff Winemiller $3,500, plus waive the debt the subject of the underlying collection lawsuit filed against him and request that any tradelines relating to the debt which were reported by Defendants to any credit reporting agency be deleted; the subject debt is considered disputed, so no 1099 will be issued regarding the debt waiver.

ii.  Adams—Defendants shall pay Plaintiff Adams $4,500, plus request that any tradelines relating to the debt the subject of the underlying collection lawsuit filed against him which were reported by Defendants to any credit reporting agency be deleted.

iii. Slaughter—Defendants shall pay Plaintiff Slaughter $2,500, plus waive the debt the subject of the underlying collection lawsuit filed against him and request that any tradelines relating to the debt which were reported by Defendants to any credit reporting agency be deleted; the subject debt is considered disputed, so no 1099 will be issued regarding the debt waiver.

18.   <u>COVENANT NOT TO SUE</u> – Plaintiffs agree and covenant, and each Maryland Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.  Notwithstanding the foregoing, as set forth in ¶ 14, the Maryland Class Members will have the right to file only a separate individual action against any of the Released Parties for only Money Damages relating to the Released Claims.  Plaintiffs in their individual capacities release all claims for monetary relief against the Released Parties.

19.   <u>TERMINATION</u> – After completing a good faith negotiation, Plaintiffs and WAP shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

A.   The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as **<u>Exhibit A</u>**;

B.   The Court's refusal to approve the settlement following the Fairness Hearing; or

C.   The Court's refusal to enter a Final Order and Judgment in substantially the form attached as **<u>Exhibit B</u>**.

20.   If either Plaintiffs or WAP terminate this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall

be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

21.   <u>ATTORNEYS' FEES, COSTS, AND EXPENSES</u> – WAP agrees to pay reasonable attorneys' fees and costs as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k and Rule 23.  The Parties and their respective counsel agree they will negotiate in good faith in an attempt to reach an agreement regarding Class Counsel's attorneys' fees, costs, and expenses, to be submitted for Court approval.  The Parties currently disagree upon the appropriate measure for attorneys' fees to be paid in this matter.  If no fee agreement is reached by the Parties within 15 days of execution of this Agreement, Class Counsel will file a motion for attorneys' fees, costs, and expenses to be considered without objection of WAP to entitlement of fees and costs at the Fairness Hearing.  WAP may oppose the amount of fees, costs, and expenses sought.  WAP shall be afforded proper notice of such motion and an opportunity to file papers objecting to the reasonableness of Class Counsel's hourly rates, of the work conducted, of the hours spent and of the amount of attorneys' fees, costs, and expenses requested by Class Counsel, but not their entitlement to an award.  The award of fees, costs, and expenses to Class Counsel shall be in addition, and shall not in any way reduce, the settlement amounts to be provided to all Maryland Class Members.

22.   WAP or its insurer shall pay the attorneys' fees, costs, and expenses

awarded by the Court within 30 days after the Court's order related to such fees, costs, and expenses becomes final (non-appealable).  Upon payment of all final (non-appealable) approved attorneys' fees, costs, and expenses to Class Counsel, WAP shall have no further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiffs or any Maryland Class Member, except as may be available in the individual Maryland Class Member actions contemplated by ¶ 14.

23.    The Parties agree that the procedure for and the allowance or disallowance by the Court of any application by Class Counsel or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by WAP are not part of the settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving this Agreement and the settlement of the Lawsuit.

24.    PUBLICITY – The Parties and their counsel agree that they will not discuss the facts of the Lawsuit or terms of this Agreement with any media source, unless by order of the Court.  Further, this confidentiality limitation does not apply to any

disclosures required by court order, or in conjunction with perfecting this settlement.   Class Counsel is permitted to discuss with any Maryland Class Member all aspects of this Agreement.

25.   <u>MISCELLANEOUS PROVISIONS</u> – The exhibits to this Agreement, **Exhibits A** through **C**, are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

26.   This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by the Defendants.  This Agreement shall not be offered or be admissible against the Defendants, or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.

27.   No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

28.   This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements.   The terms of this Agreement are contractual.

29.   This Agreement shall be interpreted in accordance with Maryland law.

30.     Any dispute, challenge, or question relating to this Agreement shall be heard only by this Court.

31.     The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiffs and all Maryland Class Members, and over the administration and enforcement of this Agreement.  This continuing jurisdiction shall include oversight regarding the 2-year injunction agreed to by the Parties as part of this Agreement.

32.     This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

33.     In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if WAP and Plaintiffs mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

34.     This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

35.     This Agreement may be signed in counterparts.  The separate signature pages executed by the Parties and their counsel may be combined to create a

document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 7th day of May 2010.

_(signature)_

Wilson C. Winemiller, Jr., Plaintiff

Warren P. Adams, Plaintiff

_(signature)_

Mickey S. Slaughter, Plaintiff

Worldwide Asset Purchasing, LLC

By: _____

Scott C. Borison, Esq.
Phillip R. Robinson, Esq.
LEGG LAW FIRM LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 Telephone
(301) 620-1018 Fax
borison@legglaw.com
probinson@legglaw.com

Peter Holland, Esq.
Michael Gregg Morin, Esq.
THE HOLLAND LAW FIRM, PC
124 South Street, Suite 3
Annapolis, MD 21401
(410) 280-6133 Telephone
(410) 280-8650 Fax
peter@hollandlawfirm.com
mikemorin@msn.com

Attorneys for Plaintiffs

Dayle M. Van Hoose, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2460 Telephone
(866) 466-3140 Fax
dvanhoose@sessions-law.biz

Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 846-7917 Telephone
(504) 828-3737 Fax
bshartle@sessions-law.biz

Erin O. Millar, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP.
7 St. Paul Street, Suite 1900
Baltimore, MD 21202
(410) 659-6424 Telephone
(401) 234-2377 Fax
emillar@wtplaw.com

Attorneys for Defendant

Worldwide Asset Purchasing, LLC

---
Wilson C. Winemiller, Jr., Plaintiff

*Warren P. Adams*
---
Warren P. Adams, Plaintiff

By: _____

---
Mickey S. Slaughter, Plaintiff

---
Scott C. Borison, Esq.
Phillip R. Robinson, Esq.
LEGG LAW FIRM LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 Telephone
(301) 620-1018 Fax
borison@legglaw.com
probinson@legglaw.com

Peter Holland, Esq.
Michael Gregg Morin, Esq.
THE HOLLAND LAW FIRM, PC
124 South Street, Suite 3
Annapolis, MD 21401
(410) 280-6133 Telephone
(410) 280-8650 Fax
peter@hollandlawfirm.com
mikemorin@msn.com

Attorneys for Plaintiffs

---
Dayle M. Van Hoose, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2460 Telephone
(866) 466-3140 Fax
dvanhoose@sessions-law.biz

Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 846-7917 Telephone
(504) 828-3737 Fax
bshartle@sessions-law.biz

Erin O. Millar, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP.
7 St. Paul Street, Suite 1900
Baltimore, MD 21202
(410) 659-6424 Telephone
(401) 234-2377 Fax
emillar@wtplaw.com

Attorneys for Defendant

Worldwide Asset Purchasing, LLC

By:

_____
Wilson C. Winemiller, Jr., Plaintiff

_____
Warren P. Adams, Plaintiff

_____
Mickey S. Slaughter, Plaintiff

_____
Scott C. Borison, Esq.
Phillip R. Robinson, Esq.
LEGG LAW FIRM LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 Telephone
(301) 620-1018 Fax
borison@legglaw.com
probinson@legglaw.com

Peter Holland, Esq.
Michael Gregg Morin, Esq.
THE HOLLAND LAW FIRM, PC
124 South Street, Suite 3
Annapolis, MD 21401
(410) 280-6133 Telephone
(410) 280-8650 Fax
peter@hollandlawfirm.com
mikemorin@msn.com

Attorneys for Plaintiffs

Dayle M. Van Hoose, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2460 Telephone
(866) 466-3140 Fax
dvanhoose@sessions-law.biz

Bryan C. Shartle, Esq.
SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 846-7917 Telephone
(504) 828-3737 Fax
bshartle@sessions-law.biz

Erin O. Millar, Esq.
WHITEFORD, TAYLOR & PRESTON, LLP.
7 St. Paul Street, Suite 1900
Baltimore, MD 21202
(410) 659-6424 Telephone
(401) 234-2377 Fax
emillar@wtplaw.com

Attorneys for Defendant

\\sfsfs02\prolawdocs\7989\7989-25203\Winemiller, Jr. Wilson C. and Adams, Warren P. and Slaghter, Mickey\108507.doc

21

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

WILSON C. WINEMILLER, JR.,
WARREN P. ADAMS, and MICKEY S.
SLAUGHTER, each individually and on behalf
of all Maryland residents similarly situated,

        Plaintiffs,

                                 Case No. 1:09-cv-02487

v.

WORLDWIDE ASSET PURCHASING, LLC,
WORLDWIDE ASSET PURCHASING II, LLC,
WEST RECEIVABLE SERVICES, INC., and
WEST CORPORATION,

        Defendants.

_____/

## ORDER OF PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

    WHEREAS, the Court has been advised that the parties to this action, Wilson C.

Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as

"Plaintiffs" or "Class Representatives"), and Worldwide Asset Purchasing, LLC

(hereinafter referred to as "WAP"), Worldwide Asset Purchasing II, LLC (hereinafter

referred to as "WAP II"), West Receivable Services, Inc. (hereinafter referred to as "West

Receivable"), and West Corporation (hereinafter referred to as "West Corp") (WAP,

WAP II, West Receivable, and West Corp hereinafter collectively referred to as

"Defendants"), through their respective counsel, have agreed, subject to Court approval,

to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set

forth in the Class Action Settlement Agreement ("Agreement"), filed with the Court, and

1

the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after the objection period passes to confirm whether the Agreement and settlement are fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Maryland class (hereinafter referred to as the "Maryland Class Members"):

> All natural persons with Maryland addresses against whom WAP or WAP II filed a collection lawsuit in Maryland state court from September 22, 2006 to January 1, 2010.

3.      Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Plaintiffs as the Class Representatives and Scott C. Borison and Phillip R. Robinson of the law firm LEGG LAW FIRM LLC and Peter Holland and Michael Gregg Morin of the law firm THE HOLLAND LAW FIRM, PC as Class Counsel.

4.      The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

2

A.    The Maryland Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the Maryland Class Members, which predominate over any individual questions;

C.    Plaintiffs' claims are typical of the claims of the Maryland Class Members;

D.    Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Maryland Class Members; and

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

5.    The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Maryland class; and the limited amount of any potential total recovery for the class.

6.    The proposed class is preliminarily certified under Fed. R. Civ. P. 23(b)(2) as an injunction only class; therefore, no notice to the Maryland Class Members is required. Notice of the settlement to Plaintiffs shall constitute due and sufficient notice to the Maryland Class Members.

7.    In accordance with Fed. R. Civ. P. 23(b)(2), the Maryland Class Members will not be permitted to exclude themselves from the class.

8.     Any Maryland Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, District of Maryland, Baltimore (Northern) Division, 101 W. Lombard Street, Baltimore, Maryland 21201, within 30 days from the Court's entry of this order.  Further, any such Maryland Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention:   WAP Settlement, Scott Borison, 5500 Buckeystown Pike, Frederick, Maryland 21703, and Counsel for Defendants, Attention: WAP Settlement, Bryan C. Shartle and Dayle Van Hoose, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C., 3850 N. Causeway Boulevard, Suite 200, Metairie, Louisiana 70002.

9.     To be considered, the written objection must be signed by the Maryland Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Maryland Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

10.     The Court shall conduct a hearing (the "Fairness Hearing") on _____, 2010, at 101 W. Lombard Street, Courtroom _____, Baltimore, Maryland 21201, commencing at _____ A.M., to review and rule upon the following issues:

A.     Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

4

B.     Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Maryland Class Members and should be approved by the Court;

C.     Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.     To discuss and review other issues as the Court deems appropriate.

11.     Attendance at the Fairness Hearing is not necessary. Maryland Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Maryland Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

12.     Within 30 days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues set forth in ¶ 10.

13.     The Agreement and this order shall be null and void if any of the following occur:

A.     The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

B.     The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

C.    The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

14.    If the Agreement and this order are voided per ¶ 13 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

15.    The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT COURT JUDGE

\\sfnfs02\prolawdocs\7989\7989-25203\Winemiller, Jr. Wilson C. and Adams, Warren P. and Slaghter, Mickey\108649.doc

6

# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## BALTIMORE DIVISION

WILSON C. WINEMILLER, JR.,
WARREN P. ADAMS, and MICKEY S.
SLAUGHTER, each individually and on behalf
of all Maryland residents similarly situated,

        Plaintiffs,

                                        Case No. 1:09-cv-02487

v.

WORLDWIDE ASSET PURCHASING, LLC,
WORLDWIDE ASSET PURCHASING II, LLC,
WEST RECEIVABLE SERVICES, INC., and
WEST CORPORATION,

        Defendants.

_____/

### FINAL ORDER AND JUDGMENT

On September 22, 2009, plaintiffs, Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as "Plaintiffs" or "Class Representatives"), filed the above-captioned class action lawsuit (hereinafter referred to as "Lawsuit") against defendants, Worldwide Asset Purchasing, LLC (hereinafter referred to as "WAP"), Worldwide Asset Purchasing II, LLC (hereinafter referred to as "WAP II"), West Receivable Services, Inc. (hereinafter referred to as "West Receivable") and West Corporation (hereinafter referred to as "West Corp") (WAP, WAP II, West Receivable and West Corp hereinafter collectively referred to as "Defendants"), asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act

(hereinafter referred to as the "MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, *et seq.*, the Maryland Personal Information Protection Act (hereinafter referred to as the "MPIPA"), Md. Code Ann., Com. Law, §§ 14-3501, *et seq.*, the Maryland Consumer Protection Act (hereinafter referred to as the "MCPA"), Md. Code Ann., Com. Law, §§ 13-101, *et seq.*, and Maryland common law.  Defendants denied all liability alleged in the Lawsuit.

On May 7, 2010, after extensive arms-length negotiations and informal discovery, Plaintiffs and Defendants (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____, 2010, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

On _____, 2010, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Maryland Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulation and [Proposed] Order for Injunction (hereinafter referred to as the "Stipulated Injunction"); (iii) appointed Plaintiffs as the Class Representatives; (iv) appointed Scott C. Borison and Phillip R.

Robinson of the law firm LEGG LAW FIRM LLC and Peter Holland and Michael Gregg Morin of the law firm THE HOLLAND LAW FIRM, PC as Class Counsel; and, (v) set the date and time for the Fairness Hearing.

On _____, 2010, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On _____, 2010, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate and in the best interests of the Maryland Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Final Approval Motion, and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2.     CLASS MEMBERS – Pursuant to Fed. R. Civ. P. 23(b)(2), the Lawsuit is hereby finally certified as a class action on behalf of the following Maryland Class Members:

All natural persons with Maryland addresses against whom WAP or WAP

II filed a collection lawsuit in Maryland State Court from September 22, 2006 to January 1, 2010.

3.　　　CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs as the Class Representatives and Scott C. Borison and Phillip R. Robinson of the law firm LEGG LAW FIRM LLC and Peter Holland and Michael Gregg Morin of the law firm THE HOLLAND LAW FIRM, PC as Class Counsel. The Court in appointing Class Counsel has reviewed the factors set forth in Rule 23(g) and appoints Class Counsel based on the review of the criteria set forth therein.

4.　　　FINAL CLASS CERTIFICATION – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.　　　The Maryland Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.　　　There are questions of law and fact common to the Maryland Class Members, which predominate over any individual questions;

C.　　　Plaintiffs' claims are typical of the claims of the Maryland Class Members;

D.　　　Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Maryland Class Members; and

E.　　　Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

5.     The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Maryland class; and the limited amount of any potential total recovery for the class.

6.     <u>STIPULATED INJUNCTION</u> – The Court finally approves and hereby enters the Stipulated Injunction. Pursuant to the Stipulated Injunction, WAP and WAP II will be ordered to cease filing collection lawsuits, and stay any pending collection lawsuit, until such time as they obtain collection licenses under Maryland law. Further, to the extent WAP or WAP II obtained a judgment against any of the Maryland Class Members, and WAP or WAP II still own the judgment, and the judgment has not been resolved by payment, settlement, bankruptcy or other means, WAP and WAP II will be ordered within 10 days of Final Judgment Day to reduce the balance on the judgment account back to the balance as of the date WAP or WAP II placed the account with a Maryland attorney to file suit. This pre-suit figure shall be referred to as the "Adjusted Balance." WAP and WAP II will be permitted to continue to collect on the Adjusted Balance and add interest from the date of the adjustment forward if permitted by law, but will otherwise be prohibited from attempting to collect the pre-adjusted balance. No 1099s will be issued for the debt forgiveness, as the debts are deemed "disputed." The injunction will automatically dissolve 2 years from the date of entry without further

action by the Parties or the Court, but WAP and WAP II will remain bound by the debt forgiveness obligation.

7.    <u>SETTLEMENT TERMS</u> – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the agreement include, but are not limited to, the following:

A.    WAP and WAP II must comply with the aforementioned Stipulated Injunction.

B.    WAP must pay Plaintiffs for their services as the Class Representatives and for their individual settlements as follows:

i.    <u>Winemiller</u>—Defendants shall pay Plaintiff Winemiller $3,500, plus waive the debt the subject of the underlying collection lawsuit filed against him and request that any tradelines relating to the debt which were reported by Defendants to any credit reporting agency be deleted; the subject debt is considered disputed, so no 1099 will be issued regarding the debt waiver.

ii.    <u>Adams</u>—Defendants shall pay Plaintiff Adams $4,500, plus request that any tradelines relating to the debt the subject of the underlying collection lawsuit filed against him which were reported by Defendants to any credit reporting agency be deleted.

iii.   <u>Slaughter</u>—Defendants shall pay Plaintiff Slaughter $2,500, plus waive the debt the subject of the underlying collection lawsuit filed against him and request that any tradelines relating to the debt which were reported by Defendants to any credit reporting agency be deleted; the subject debt is considered disputed, so no 1099 will be issued regarding the debt waiver.

C.   WAP must pay Class Counsel a total of $_____ in attorney's fees, costs, and expenses.

8.   <u>OBJECTIONS AND EXCLUSIONS</u> – The Maryland Class Members were given an opportunity to object to the settlement.  No Maryland Class Member objected to the settlement.  Pursuant to Fed. R. Civ. P. 23(b)(2), the Maryland Class Members were not permitted to exclude themselves from the settlement.

9.   <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – Plaintiffs, the Maryland Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever, except that the Maryland Class Members will have the right to file only a separate individual action against any of the Released Parties for only Money Damages relating to the Released Claims.  Neither the Agreement, nor the settlement, settle or release any of the Maryland Class Members' individual claims for Money Damages.  Plaintiffs, however, fully,

finally and forever settle, release, and discharge all claims asserted in the Lawsuit for Money Damages as well as injunctive relief.

10.     The Lawsuit is hereby dismissed with prejudice in all respects.

11.     This order and the agreed-upon two-year injunction are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

12.     The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT COURT JUDGE

\\sfnfs02\prolawdocs\7989\7989-25203\Winemiller, Jr. Wilson C. and Adams, Warren P. and Slaghter, Mickey\108661.doc

Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

WILSON C. WINEMILLER, JR.,
WARREN P. ADAMS, and MICKEY S.
SLAUGHTER, each individually and on behalf
of all Maryland residents similarly situated,

        Plaintiffs,

                                       Case No. 1:09-cv-02487

v.

WORLDWIDE ASSET PURCHASING, LLC,
WORLDWIDE ASSET PURCHASING II, LLC,
WEST RECEIVABLE SERVICES, INC., and
WEST CORPORATION,

        Defendants.

_____/

## STIPULATION AND ORDER FOR INJUNCTION

For purposes of this Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction"), the following definitions shall apply:

A.    "Final Judgment Day" shall mean the day upon which the Final Order and Judgment becomes "Final." The Final Order and Judgment shall become "Final" upon the expiration of any available appeal period following entry of the Final Order and Judgment. If any appeal from the Final Order and Judgment is filed, then Final Judgment Day shall be the first date after the conclusion of all appeals, so long as the Final Order and Judgment is not reversed or vacated.

B.    "WAP" shall mean West Asset Purchasing, LLC, and any of its predecessors, successors, representatives or agents.

1

C.    "WAP II" shall mean West Asset Purchasing II, LLC, and any of its predecessors, successors, representatives or agents.

D.    "Maryland Class Members" shall mean all natural persons with Maryland addresses against whom WAP or WAP II filed a collection lawsuit in Maryland state court from September 22, 2006 to January 1, 2010.

WHEREAS, plaintiffs, Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter ("Plaintiffs"), asserted class claims against defendants, WAP, WAP II, West Receivable Services, Inc. and West Corporation (collectively the "Defendants") under the Fair Debt Collection Practices Act ( "FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Maryland Consumer Debt Collection Act ( "MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, *et seq.*, the Maryland Personal Information Protection Act ( "MPIPA"), Md. Code Ann., Com. Law, §§ 14-3501, *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law, §§ 13-101, *et seq.*;

WHEREAS, Plaintiffs alleged that Defendants violated the law by, among other things, filing collection lawsuits against Maryland residents without proper collection agency licensing under Maryland law;

WHEREAS, the Defendants, without admitting any liability as to any of the allegations, acknowledge Plaintiffs' claims are the sole catalyst for entering into this Stipulated Injunction.

WHEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, that the following injunction be entered by the Court without further notice or process:

1.     WAP and WAP II shall, within 10 days after Final Judgment Day, cease filing collection lawsuits, and stay any pending collection lawsuit, until such time as WAP and WAP II obtain collection licenses under Maryland law.  Further, to the extent WAP or WAP II obtained a judgment against any of the Maryland Class Members, and WAP or WAP II still own the judgment, and the judgment has not been resolved by payment, settlement, bankruptcy or other means, WAP and WAP II shall within 10 days of Final Judgment Day reduce the balance on the judgment account back to the balance as of the date WAP or WAP II placed the account with a Maryland attorney to file suit. This pre-suit figure shall be referred to as the "Adjusted Balance."  WAP and WAP II may continue to collect on the Adjusted Balance and add interest from the date of the adjustment forward if permitted by law, but are otherwise prohibited from attempting to collect the pre-adjusted balance.

2.     No 1099s will be issued for the debt forgiveness, as the debts are deemed "disputed."

3.     Exactly 2 years from the date the Stipulated Injunction is entered, the Stipulated Injunction will dissolve without further action by the Parties or the Court, but WAP and WAP II will remain bound by the debt forgiveness obligation.

4.     The Court shall retain jurisdiction to enter further orders as may be necessary or appropriate to implement or enforce the provisions of this Stipulated Injunction.  WAP and WAP II specifically consent to personal jurisdiction and venue in this Court for that purpose.

IT IS SO STIPULATED:

Worldwide Asset Purchasing, LLC

_____
Wilson C. Winemiller, Jr., Plaintiff

By: _____

_____
Warren P. Adams, Plaintiff

_____
Mickey S. Slaughter, Plaintiff

_____
Scott C. Borison, Esq.
Phillip R. Robinson, Esq.
**LEGG LAW FIRM LLC**
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016 Telephone
(301) 620-1018 Fax
borison@legglaw.com
probinson@legglaw.com

Peter Holland, Esq.
Michael Gregg Morin, Esq.
**THE HOLLAND LAW FIRM, PC**
124 South Street, Suite 3
Annapolis, MD 21401
(410) 280-6133 Telephone
(410) 280-8650 Fax
peter@hollandlawfirm.com
mikemorin@msn.com

Attorneys for Plaintiffs

_____
Dayle M. Van Hoose, Esq.
**SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.**
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2460 Telephone
(866) 466-3140 Fax
dvanhoose@sessions-law.biz

Bryan C. Shartle, Esq.
**SESSIONS, FISHMAN, NATHAN, & ISRAEL, L.L.C.**
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 846-7917 Telephone
(504) 828-3737 Fax
bshartle@sessions-law.biz

Erin O. Millar, Esq.
**WHITEFORD, TAYLOR & PRESTON, LLP.**
7 St. Paul Street, Suite 1900
Baltimore, MD 21202
(410) 659-6424 Telephone
(401) 234-2377 Fax
emillar@wtplaw.com

Attorneys for Defendants

4

## ORDER

IT IS SO ORDERED.

DATED: _____


_____
THE HONORABLE RICHARD D. BENNETT
UNITED STATES DISTRICT COURT JUDGE


\\sfnfs02\prolawdocs\7989\7989-25203\Winemiller, Jr. Wilson C. and Adams, Warren P. and Slaghter, Mickey\108666.doc