

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Northern Division - Baltimore)

| | |
|---|---|
| **WILSON C. WINEMILLER, JR.,** et al. <br><br> Plaintiffs <br><br> v. <br><br> **WORLDWIDE ASSET PURCHASING, LLC,** et al. <br><br> Defendants | Civil Case Number: <br><br> **09 – cv – 02487 - RDB** |

### ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as "Plaintiffs" or "Class Representatives"), and Worldwide Asset Purchasing, LLC (hereinafter referred to as "WAP"), Worldwide Asset Purchasing II, LLC (hereinafter referred to as "WAP II"), West Receivable Services, Inc. (hereinafter referred to as "West Receiva-

ble"), and West Corporation (hereinafter referred to as "West Corp") (WAP, WAP II, West Receivable, and West Corp hereinafter collectively referred to as "Defendants"), through their respective counsel, have agreed, subject to Court approval, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement") filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after the objection period passes to confirm whether the Agreement and settlement are fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants will serve a written notice of the proposed class settlement on the United States Attorney General and the Attorney General for the State of Maryland within five days of the entry of this Order.

3.  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Maryland class (hereinafter referred to as the "Maryland Class Members"):

*All individuals who were sued in a Maryland state court by one of the Defendants for an alleged debt from 22 September 2006 to 22 September 2009, both dates inclusive.*

4.  Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Plaintiffs as the Class Representatives and Scott C. Borison and Phillip R. Robinson of the Legg Law Firm, LLC, Peter A. Holland of The Holland Law Firm, PC, and Michael Gregg Morin as Class Counsel.

5.  The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    5.1.  The Maryland Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    5.2.  There are questions of law and fact common to the Maryland Class Members, which predominate over any individual questions;

    5.3.  Plaintiffs' claims are typical of the claims of the Maryland Class Members;

    5.4.  Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Maryland Class Members; and

5.5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Maryland class; and the limited amount of any potential total recovery for the class.

7. The Court approves the form and substance of the notice of class action settlement described in ¶ 7 of the Agreement and attached to the Agreement as Exhibit 3. The proposed form and method for notifying the Maryland Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Maryland Class Members of their rights. In accordance with the Agreement, Defendants shall cause the completed notices to be mailed to the Maryland Class Members as expeditiously as possible, but in no event later than 20 calendar days after the Court's entry of this order.

8. Any Maryland Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than 40 days after the Court's entry of the order of preliminary approval of class action settlement. To be effective, the Maryland Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

9. Any Maryland Class Member who intends to object to the fairness of the settlement must file a written objection with the Court, at United States District Court, District of Maryland, Baltimore (Northern) Division, 101 W. Lombard Street, Baltimore, Maryland 21201, within 40 days from the Court's entry of this order. Further, any such Maryland Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Worldwide Settlement, 5500 Buckeystown Pike, Frederick, Maryland 21703, and Counsel for Defendants, Bryan C. Shartle and Dayle Van Hoose, Attention: WAP Settlement, SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C., 3850 N. Causeway Boulevard, Suite 200, Metairie, Louisiana 70002.

10. To be considered, the written objection must be signed by the Maryland Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Maryland Class Members who do not timely make their objections in this manner will be

deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

11. The Court shall conduct a hearing (the "Fairness Hearing") on **August 24**, 2012, at 101 W. Lombard Street, Courtroom **5D**, Baltimore, Maryland 21201, commencing at **10:00** am., to review and rule upon the following issues:

11.1. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

11.2. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Maryland Class Members and should be approved by the Court;

11.3. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

11.4. To discuss and review other issues as the Court deems appropriate.

12. Attendance at the Fairness Hearing is not necessary. Maryland Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Maryland Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

13. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than 7 days prior to the Fairness Hearing.

14. Within 30 days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues set forth in ¶ 11.

15. The Agreement and this order shall be null and void if any of the following occur:

15.1. The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

15.2. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

15.3. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

15.4. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Agreement and this order are voided per ¶ 15 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall

be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

*Rh D. Bentt*
U.S District Judge

May 22, 2012