UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

WILSON C. WINEMILLER, JR., WARREN P. ADAMS, and MICKEY S. SLAUGHTER, each individually and on behalf of all Maryland residents similarly situated,

Plaintiffs,

v.

Case No. 09-cv-2487 RDB

WORLDWIDE ASSET PURCHASING, LLC, WORLDWIDE ASSET PURCHASING II, LLC, WEST RECEIVABLE SERVICES, INC. and WEST CORPORATION,

Defendants.

______________________________/

# FINAL ORDER AND JUDGMENT

On 22 September 2009, Plaintiffs, Wilson C. Winemiller, Jr., Warren P. Adams, and Mickey S. Slaughter (hereinafter referred to as "Plaintiffs" or "Class Representatives"), filed the above-captioned class action lawsuit (hereinafter referred to as "Lawsuit") against defendants, Worldwide Asset Purchasing, LLC (hereinafter referred to as "WAP"), Worldwide Asset Purchasing II, LLC (hereinafter referred to as "WAP II"), West Receivable Services, Inc. (hereinafter referred to as "West Receivable") and West Corporation (hereinafter referred to as "West Corp") (WAP, WAP II, West Receivable and West Corp hereinafter collectively referred to as "Defendants"), asserting class claims under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, et seq., the Maryland Consumer Debt Collection Act (hereinafter referred to as the "MCDCA"),

Md. Code Ann., Com. Law, §§ 14-201, et seq., the Maryland Personal Information Protection Act (hereinafter referred to as the "MPIPA"), Md. Code Ann., Com. Law, §§ 14-3501, et seq., the Maryland Consumer Protection Act (hereinafter referred to as the "MCPA"), Md. Code Ann., Com. Law, §§ 13-101, et seq., and Maryland common law. Defendants denied all liability alleged in the Lawsuit.

On March 26, 2012, after extensive arms-length negotiations, formal and in-formal discovery, and a settlement conference before a U.S. Magistrate Judge, Plaintiffs and Defendants (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On May 17, 2012, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

On May 22, 2012, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order and a stipulated amendment to the Settlement Agreement (Paper 107), the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Mary-land Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs as the Class Representatives; (iv) appointed Scott C. Borison and Phillip R. Robinson of the Legg Law Firm, LLC, Peter

Holland of The Holland Law Firm, PC, and Michael Gregg Morin as Class Counsel; and, (v) set the date and time for the Fairness Hearing.

On August 17 2012, the Plaintiffs filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). The Defendants joined in on the requested relief.

On August 24, 2012, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate and in the best interests of the Maryland Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, the Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following Maryland Class Members:

**All individuals who were sued in a Maryland state court by one of the Defendants for an alleged debt from 22 September 2006 to 22 September 2009, both dates inclusive.**

3. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs as the Class Representatives and Scott C. Borison and Phillip R. Robinson of the Legg Law Firm, LLC, Peter Holland of The Holland Law Firm, PC, and Michael Gregg Morin as Class Counsel. The Court, in appointing Class Counsel, has reviewed the factors set forth in Rule 23(g) and appoints Class Counsel based on the review of the criteria set forth therein.

4. **NOTICES** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the Maryland Class Members. The form and method for notifying the Maryland Class Members of the settlement and its terms and conditions was in conformity with this Court's preliminary approval order and satisfied the requirements of fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the class members of their rights.

5. **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

5.1. The Maryland Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

5.2. There are questions of law and fact common to the Maryland Class Members, which predominate over any individual questions;

5.3. Plaintiffs' claims are typical of the claims of the Maryland Class Members;

5.4. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Maryland Class Members; and

5.5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Maryland class; and the limited amount of any potential total recovery for the class.

$25,000.00

7. The Court finds that the total sum of $~~24,500~~.00 to be paid to the Class Representatives pursuant to the terms of the Agreement is a fair and reasonable amount to be paid to them and hereby approves and directs the payments be made from the Common Fund.

8. The Court finds the sum of $231,970.56 to Class Counsel for attorneys' fees and costs is fair and reasonable amount based and hereby approves and directs the payments be made from the Common Fund. The notice costs shall also be paid by Plaintiffs' counsel from the Common fund.

9. All payments members of the Class who elected to receive their share of the Common Fund shall receive the payment required as set forth in the Settlement Agreement.

10. The Court further finds that any residue of the Common Fund shall be contributed as *cy pres* in percentages indicated below to the following non-profit organizations:

- 34% to the Center for Families, Children and the Courts at the University of Baltimore School of Law for the purpose of providing specific training and program activities related to credit counseling for families encountering legal issues in the family law setting.
- 33% to the Maryland Consumer Rights Coalition.
- 33% Latino Economic Development Corporation for use in Maryland.

11. **SETTLEMENT TERMS** – The Agreement, which shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The parties are hereby directed to perform the terms of the Agreement.

12. **OBJECTIONS AND EXCLUSIONS** – The Maryland Class Members were given an opportunity to object to the settlement. No Maryland Class Member objected to the settlement. The Maryland Class Members who made valid and timely requests for exclusion are excluded from the lass and settlement and are not bound by this order. The identities

of such persons are set forth in Exhibit A attached hereto. This order is binding on all Maryland Class Members, except those individuals identified in Exhibit A.

13. **RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiffs, the Maryland Class Members, and their successors and assigns fully, finally, and forever settle, release, and discharge the "Released Parties" (as defined in the Agreement) from the "Released Claims" (as defined in the Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever as set forth in the Agreement. Pursuant to the release contained in the agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

14. The Lawsuit is hereby dismissed with prejudice in all respects.

15. This order shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

16. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

REMAINDER OF PAGE LEFT BLANK

Dated: AUGUST 24, 2012 [signature]

The Honorable Richard D. Bennett
United States District Judge

**EXHIBIT A**

The following person is EXCLUDED from the Class as having elected timely not to participate:

**Confort E. Botchoe**